## GOEBEL v. AMERICAN RAILWAY SUPPLY CO. et al.

### SAME v. GOLDMANN.

(Circuit Court, S. D. New York. May 13, 1893.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—DEMURRER.
   While the objection of want of patentable novelty may be raised by demurrer to a bill for infringement of a patent, the question must be determined in favor of the patent, unless the court can see from an examination of the patent itself, and the consideration of those facts alone of which it will take judicial notice, that it does not involve invention.

2. SAME—VALIDITY—HATS AND CAPS.
   The claim of letters patent No. 345,965, issued to John C. Goebel, July 20, 1886, for improvements in hats or caps, was for, "in a hat or cap

having a flexible tip, the body or skeleton of the side crown, formed of wire cloth, the ends of which are connected by angular seams." It is also stated that the essential feature of the device "is not only the use of wire cloth," hair cloth having been theretofore used for the purpose, "but also the peculiar cutting of the wire cloth to have its wires in a diagonal line to the edges of the cloth, as else the desired elastic expansion and contraction of the side crown for stretching the tip will not be obtained, and that otherwise the shape of such wire-cloth body cannot be made conical." *Held*, that the patent cannot be held void on demurrer to a bill for its infringement.

3. SAME—INFRINGEMENT—PLEADING—DEMURRER.

The omission, from a bill for infringing a patent, of the averment that the invention had not been patented or described in any printed publication before the date of said invention, is a defect in form which is demurrable.

4. SAME—PRAYER FOR PROCESS.

The omission from the prayer for process of subpoena of the names of some of the defendants named in the introductory part of the bill is a violation of equity rule 23, and is a fatal defect.

In Equity. Suits by John C. Goebel against the American Railway Supply Company and others, and against Philipp Goldmann, for the infringement of complainant's patent. On demurrers to bill. Demurrers sustained in part, and overruled in part.

Thos. F. Byrne, for plaintiff.
Wm. C. Hauff, for defendants.

TOWNSEND, District Judge. These are bills in equity for the alleged infringement of letters patent No. 345,965, issued to complainant July 20, 1886, for improvements in hats and caps. The defendants demur to both bills. The demurrers are the same in each case, with a single exception, which will be separately considered.

The first four grounds of demurrer assigned are that the patent is void on its face for want of patentable novelty, and because the claim does not comprise a combination. That this objection may properly be raised by demurrer is well settled. Brown v. Piper, 91 U. S. 43; Blessing v. Copper Works, 34 Fed. Rep. 753; Fougeres v. Murbarger, 44 Fed. Rep. 292; Bottle Seal Co. v. De La Vergne Bottle & Seal Co., 47 Fed. Rep. 61.

The claim of the patent in suit is as follows:

"In a cap or hat having a flexible tip, the body or skeleton of the side crown formed of wire cloth, the ends of which are connected by angular seams, as set forth."

The defendants urge that the specification and claim show the patent to be for a mere substitution of one well-known material for another, and a connection such as would be made by any skilled operator. The question of patentable novelty, when raised by demurrer, must be determined in favor of the patent, unless the court can see from an examination of the patent itself, and a consideration of those facts alone of which the court will take judicial notice, that the patent does not describe such an advance in the art to which it relates as to constitute invention. Bottle Seal Co. v. De La Vergne Bottle & Seal Co., supra; Engraving Co. v. Hoke, 30

Fed. Rep. 444; Dick v. Supply Co., 25 Fed. Rep. 105. In the present case, the patentee does not claim merely the substitution of one material for another. He admits that hair cloth has been used for the crown lining in hats and caps. But he says, further:

"The essential feature of my device, therefore, is not only the use of wire cloth, but also the peculiar cutting of the wire cloth, to have its wires on a diagonal line to the edges of the cloth, as else the desired elastic expansion and contraction of the side crown for stretching the tip will not be obtained, and that otherwise the shape of such wire-cloth body cannot be made conical."

The patentee claims that by the substitution of the new material, so cut that the woven wires are on diagonal lines relative to the band and tip, and are connected by angular seams, certain new and useful results are produced. He further claims that these results are produced by the combination of coacting and co-operating elements.

An examination of the patent, and a consideration of the alleged invention, seem to show that the presumption of patentable novelty arising from the grant of the patent has not been rebutted. The patentee is entitled to the benefit of any doubt which may exist in the mind of the court. Whether, in view of the state of the art, there was any invention, whether the alleged invention consists merely in the substitution of one material for another, and whether, as is strenuously maintained by complainant, its practical utility can be shown by the fact that it has displaced other modes of manufacture, are questions of fact which cannot be disposed of upon this hearing. The first, second, third, fourth, and sixth grounds of demurrer are overruled.

The fifth ground of demurrer assigned is that the complaint does not aver that the invention had not been patented or described in any printed publication before the date of said invention. The omission of this averment is a defect in form which is demurrable. Coop v. Institute, 47 Fed. Rep. 899; Overman Wheel Co. v. Elliott Hickory Cycle Co., 49 Fed. Rep. 859.

The seventh ground of demurrer assigned in the case of Goebel v. American Railway Supply Co. et al. is that the prayer for process of subpœna does not contain the names of all the defendants named in the introductory part of the bill. This omission is in violation of rule 23, U. S. Eq. Prac., and is a fatal defect. City of Carlsbad v. Tibbetts, 51 Fed. Rep. 852.

The fifth ground of demurrer in each case, and the seventh ground of demurrer in Goebel v. American Railway Supply Co., are sustained, with leave to amend in 15 days in both cases, upon payment of costs in Goebel v. American Railway Supply Co.