HANLON v. PRIMROSE et al.

(Circuit Court, S. D. New York. May 25, 1893.)

1. PATENTS FOR INVENTIONS—SUIT FOR INFRINGEMENT—DEMURRER FOR WANT OF PATENTABILITY.
   On demurrer to a bill for infringement the patent will be declared invalid, for want of novelty appearing on its face, only where the case is free from doubt; and the court will only take judicial notice of matters within the field of common knowledge.

2. SAME—NOVELTY—DEVICES FOR PRODUCING STAGE EFFECTS.
   Letters patent No. 263,900, issued September 5, 1892, to William Hanlon, covering devices for producing stage effects, consisting of a stationary frame, representing a ship on rockers, so arranged, in combination with sliding wings, curtains, and other contrivances, as to present the illusion of a ship moving out of a dock into rough water, and putting to sea, are not void, on their face, for want of patentable novelty.

3. SAME—PLEADING—DEMURRER.
   In a bill for infringement the omission to aver that the invention had not been patented or described in any printed publication in this or any foreign country before the date of the invention is a defect of form, which may be taken advantage of by special demurrer.

In Equity. Suit by William Hanlon against George H. Primrose and William H. West for infringement of a patent. On demurrer to the bill. Overruled in part, and sustained in part.

Emile Schultze, Jr., for complainant.

W. C. Hauff, for defendants.

TOWNSEND, District Judge. This is a bill in equity for the alleged infringement of letters patent No. 263,900, granted to complainant September 5, 1882, for theatrical scenery and appliances. Defendants demur to the bill of complainant on the ground that the patent is void for want of patentable novelty, and is a claim for a mere aggregation. That these questions may properly be raised and disposed of on demurrer, where the patent is invalid on its face, is well settled. Brown v. Piper, 91 U. S. 44; Blessing v. Copper Works, 34 Fed. Rep. 753; Fougeres v. Murbarger, 44 Fed. Rep. 292; Bottle Seal Co. v. De La Vergne Bottle & Seal Co., 47 Fed. Rep. 59. But the numerous decisions to this effect also show that the court will only sustain such a demurrer where the case is entirely free from doubt, and it will only take judicial notice of matters within the field of common knowledge. Manufacturing Co. v. Adkins, 36 Fed. Rep. 554. "A demurrer for such cause can only be sustained where the court can adjudge the device described and claimed in the letters patent to be without patentable novelty, without the least scintilla of evidence." Bottle Seal Co. v. De La Vergne Bottle & Seal Co., supra. "In almost all cases the nature of the subject demands that the triers should be instructed by the testimony of those skilled in the art to which the patent relates, and therefore a demurrer for nonpatentability apparent upon the face of the instrument should not ordinarily be allowed." Blessing v. Copper Works, supra.

The patent in suit is for certain mechanical devices for producing various stage effects. Such a device may be the proper subject of a patent. Burgess v. Chapman, 44 Fed. Rep. 427. It consists of a stationary frame, representing a ship on rockers, so arranged, in combination with sliding wings, curtains, and other contrivances, as to present the illusion to the audience of a ship moving out of a dock into rough water, and putting to sea. It is true that scenic effects, whereby stationary objects appear to move upon the stage, are not new. But it is not matter of common knowledge that the combination claimed in this patent has been used to produce a complete series of stage effects, such as are claimed under this patent; and it does not appear, upon the face of the patent, that such effects, if produced, are not due to the combined operation of the various elements which are claimed as essential.

The defendants further demur to the bill of complaint because it does not aver that the invention had not been patented or described in any printed publication in this or any foreign country before the date of said invention or discovery. This is a defect in form, which may be taken advantage of by a special demurrer.

Coop v. Development Institute, 47 Fed. Rep. 899.   Overman Wheel Co. v. Elliott Hickory Cycle Co., 49 Fed. Rep. 859.

The 1st, 2d, 3d, 4th, and 6th grounds of demurrer are overruled. The 5th ground of demurrer is sustained, with leave to amend within 15 days upon payment of costs to be taxed.