HUTTON v. STAR SLIDE SEAT CO. OF SPRINGFIELD.

(Circuit Court, S. D. Ohio, W. D.    March 28, 1894.)

No. 4,619.

PATENTS—INFRINGEMENT SUITS—PLEADING.

Failure to aver that the invention of the patent has not been previously patented or described in any printed publication is a defect which may be taken advantage of by special demurrer.

Suit in equity by George B. Hutton against the Star Slide Seat Company of Springfield for infringement of a patent. Heard on special demurrer to the bill.

Price & Stewart, for complainant.
Paul A. Staley, for defendant.

SAGE, District Judge (orally). The defendant demurs specially to the bill that it does not set forth that the invention described in the patent sued upon has not been previously patented or described in any printed publication. The bill states that the invention was not known or used by others before complainant's invention or discovery thereof, and was not in use or on sale in this country for more than two years before his application for letters patent therefor. That this averment is good against a general demurrer was held in

McCoy v. Nelson, 121 U. S. 484, 7 Sup. Ct. 1000. In Coop v. Institute, 47 Fed. 899, it was held that the omission of the averment in regard to the invention having been patented or discovered in a printed publication was a defect in form which could be taken advantage of by special demurrer, and should be remedied by amendment. To the same effect see Consolidated Brake-Shoe Co. v. Detroit Steel & Spring Co., Id. 894; Overman Wheel Co. v. Elliott Hickory Cycle Co., 49 Fed. 859; and Hanlon v. Primrose, 56 Fed. 600. The demurrer will be sustained at the cost of complainant, with leave to present an amendment within 20 days with an application for leave to file.