Mr. Boone: There is one branch of the case where there is testimony to show they had made carts so.

The Court: I did not so understand it. Look it up, and let me see it. I will reserve my opinion until I see what effect that has.

NOTE. On February 25, 1897, the decrees ordered in the foregoing opinion to be entered were set aside by order as follows:

"McKENNA, Circuit Judge. The decrees in these cases are set aside, because, in addition to the points decided, there are other points in the brief, which, by inadvertence, did not receive the deliberate consideration and judgment of the court."

The orders of submission in both cases were then vacated, and the cases restored to the calendar. On March 26, 1897, both cases were reargued before MORROW, District Judge, and the bill in each case was ordered dismissed.

---

DIAMOND MATCH CO. v. OHIO MATCH CO. et al.

(Circuit Court, N. D. Ohio, E. D.    April 16, 1897.)

No. 5,591.

1. PATENTS—ACTIONS ON SEVERAL PATENTS—MISJOINDER.

A suit can be maintained on several patents only when the inventions covered thereby are embodied in the alleged infringing machine, process, manufacture, or composition of matter; and where the averment is that defendant's machines embody "either the whole, or one or more, of the said inventions" contained in the patent sued on, the bill is demurrable.

2. SAME—MISJOINDER OF DEFENDANTS.

A joinder of defendants alleged to be infringers is bad, unless they are alleged to be joint infringers.

3. SAME—PLEADING.

A bill which fails to show that the invention of the patent sued on was not patented or described in some printed publication in this or some foreign country prior to the patentee's alleged invention thereof is demurrable.

Edwin Walker and Charles Colahan, for complainant.

Kline, Carr, Tolles & Goff and E. A. Angell, for respondents.

SAGE, District Judge. This case is before the court upon three demurrers to the bill. The grounds of demurrer are:

First, that the bill sets up three several letters patent of the United States, relating to several alleged inventions, which are entirely distinct and separate from each other; that the said letters patent contain, in the aggregate, 58 claims, relating to alleged inventions, which are disassociated and disconnected one from the other; that the averment as to infringement in the bill is, in sub-

stance, that the respondents have made, and are using and selling, numbers of the said match machines, embodying in each of them "either the whole, or one or more, of the said inventions and improvements contained in said letters patent Nos. 416,888, 528,457, and 389,435."

The second ground of demurrer is misjoinder; it nowhere being alleged in the bill that the respondents K. A. Young and Charles W. Steele have any connection whatever, as officers or otherwise, with the defendant corporation, or are connected in any way with the other respondents named therein.

These grounds of demurrer are both well taken. A suit may be brought upon several patents, but it can be maintained only when the inventions covered by those patents are embodied in the infringing process, machine, manufacture, or composition of matter. Seymour v. Osborne, 11 Wall. 516; Bates v. Coe, 98 U. S. 48; and a number of cases decided by the circuit courts, and reported in the Federal Reporter, to which reference may be found in note 1 to section 417, Walk. Pat. (3d Ed.).[1]

The averment in the bill is in the alternative, which is bad. It does not appear upon the face of the bill that the three patents sued upon are embodied in the respondents' alleged infringing machine.

As to the second ground of demurrer, there is an averment that the respondents named infringe, but no averment that they are joint infringers with the other defendants. That objection, therefore, is well taken, and the demurrer is sustained upon both grounds.

The second demurrer is, in substance, the same as the first ground of the first demurrer, and therefore need not be further referred to.

The third demurrer is upon the ground that it nowhere appears in the bill that the letters patent sued upon were not patented or described in some printed publication in this or some foreign country prior to the alleged invention thereof. That objection is well founded, and is supported by Overman Wheel Co. v. Elliott Hickory Cycle Co., 49 Fed. 859; also, by Hanlon v. Primrose, 56 Fed. 600; Goebel v. Supply Co., 55 Fed. 825; and Hutton v. Seat Co., 60 Fed. 747. See, also, section 4886 of the Revised Statutes of the United States.

The demurrers will be sustained.

---

[1] Telegraph Co. v. Chillicothe, 7 Fed. 351; Nellis v. Manufacturing Co., 13 Fed. 451; Lilliendahl v. Detwiller, 18 Fed. 177; Consolidated Electric Light Co. v. Brush-Swan Electric Light Co., 20 Fed. 502; Griffith v. Segar, 29 Fed. 707.