## RUBBER-TIRE WHEEL CO. v. DAVIE et al.

(Circuit Court, D. New Jersey. February 20, 1900.)

**1. Patents—Suit for Infringement—Sufficiency of Bill.**

A bill for the infringement of a patent is not required to allege the facts made essential to the validity of a patent by the amendment to Rev. St. § 4886, of March 3, 1897, where the patent was issued prior to January 1, 1898, as the application of the amendment is, by its terms, limited to patents granted after that date.

**2. Same.**

A bill for the infringement of a patent must positively aver the facts which are, by Rev. St. § 4886, made essential to its validity, and an averment on belief is insufficient.

**3. Same.**

An averment in such a bill that, before a date named, the patentee was the true, original, and first inventor of certain new and useful improvements, etc., "which had not been patented, or described in any printed publication, in this or any foreign country," is not a sufficient averment that such invention had not been patented, or described in any printed publication, in this or any foreign country, "before his (the patentee's) invention or discovery thereof."

**4. Same.**

A general averment in such bill that the invention of the patent "was not known or used by others before his (the patentee's) invention thereof" necessarily includes the averment that it was not previously known or used "in this country," and is sufficient.

This is a suit in equity for infringement of a patent. On demurrer to bill.

Paul A. Staley, for complainant.

H. A. Toulmin, for defendants.

GRAY, Circuit Judge. A demurrer was filed to the bill in this case. The paragraph of the bill upon which the demurrer is founded is as follows:

"And thereupon your orator complains and says that before the 14th day of November, 1895, Arthur W. Grant was the true, original, and first inventor of certain new and useful improvements in rubber-tired wheels, which had not been patented, or described in any printed publication, in this or any foreign country, and which were not known or used by others before his invention thereof, and which had not, at the time of his application for a patent therefor, been in public use or on sale for a period of more than two years, as your orator verily believes."

Three causes of demurrer were filed by defendants, and two additional causes were urged ore tenus by the defendants, under stipulation between counsel in the cause. The written causes of demurrer are as follows:

"(1). That as a special cause of demurrer it does not appear by said bill that the alleged invention referred to in the second paragraph was not patented, or described in any printed publication, in this or any foreign country, 'for more than two years prior to his ' (the inventor's) application' for the alleged letters patent. (2) That as a further and special cause of demurrer it does not appear by said bill that the alleged invention referred to in the second paragraph had not been in public use or on sale 'in this country' for more than two years prior to the patentee's application for said alleged patent. (3) That as a further and special cause of demurrer the bill of complaint, in the second paragraph, does not properly and legally aver the two-years clause, the bill averring that the alleged invention had not been in public use at the time of the application for the alleged patent for a period of more than two years, 'as your orator verily believes,' which latter clause renders the said averment of the two-years clause of the statute ineffective in law."

The first cause of demurrer rests upon the requirement of section 4886 of the Revised Statutes, as amended by the act of March 3, 1897. But, as the eighth section of that act provides that the act shall take effect January 1, 1898, and that the section amending said section 4886 of the Revised Statutes shall not apply to any patent granted prior to said date, this cause of demurrer falls.

The second cause of demurrer, as above stated, must be overruled for the same reasons.

The third cause of demurrer, as filed, is that the bill does not properly and legally aver the two-years clause of the statute, inasmuch as it only avers that the invention "had not, at the time of his (the inventor's) application, been in public use or on sale for a period of more than two years, as your orator verily believes." The statute expressly provides that the invention, in order to be patentable, must not have been in public use or on sale for more than two years prior to the application for a patent. This must be averred positively, as a fact, and not indirectly. The belief of complainant is the averment here, and, as such, is not issuable. The complainant must so believe as to be able to positively aver, in order to meet the requirements of good pleading under this statute.

The first cause of demurrer raised ore tenus is that the bill does not allege that the invention had not been patented, or described in any printed publication, in this or any foreign country, "before his (the patentee's) invention or discovery thereof." One of the requirements of section 4886 as to the patentability of an invention or discovery is that it should not have been "patented, or described in any printed publication, in this or any foreign country, before his invention or discovery thereof." This is an absolute requirement of a patentable invention, as prescribed by the statute. We do not find that the bill of complaint in this case makes a sufficient averment of this fact. It merely states that, before the 14th day of November, 1895, the patentee was the true, original, and first inventor of certain improvements, etc., which had not been patented, or described in any printed publication, in this or any foreign country. It is not stated what is the date of the invention or discovery; only

that it was prior to the 14th day of November, 1895. There is not enough in this allegation to make it appear, even argumentatively, that there was no publication, etc., before the invention by the patentee. We think that for this cause the demurrer is good.

The second cause of demurrer raised ore tenus is as follows: "That it does not appear by the bill that the alleged invention had not been known or used by others 'in this country.'" Inasmuch as complainant has averred that the alleged invention "had not been known or used by others," he has made a general statement which would include the more particular and specific one, to wit, "which had not been known or used by others in this country." This cause of demurrer, therefore, is without merit.

For the reasons above stated, the demurrer is sustained, with leave to the complainant, if he see fit, to apply for leave to amend within 30 days.