ELLIOTT & HATCH BOOK–TYPEWRITER CO. v. FISHER TYPEWRITER CO.

(Circuit Court, S. D. New York. May 15, 1901.)

1. PATENTS—SUIT FOR INFRINGEMENT—ALLEGATIONS ON INFORMATION AND BELIEF.

In a bill for infringement of a patent, an averment of the facts required by statute as follows: "And thereupon your orator complains and says on information and belief," etc., although not the most approved form, is a sufficient allegation on information and belief, and will sustain the action, where the complainant is an assignee of the patent.

2. SAME—SUFFICIENCY OF BILL—STATUTORY ALLEGATIONS.

The conditions and requirements of Rev. St. §§ 4886, 4887, as amended by Act March 3, 1897, are of the essence of a right of action for the infringement of a patent, and must all be covered by the allegations of the bill, where the patent was issued on an application filed after January 1, 1898, at which time the amendment took effect.

3. SAME—SUIT ON DIFFERENT PATENTS—MULTIFARIOUSNESS.

A bill for the infringement of a number of patents, which alleges that all the inventions and improvements covered by such patents are capable of conjoint use in the same machine, and that they are conjointly used in the machines complained of, made and sold by defendants, is not demurrable on the ground of multifariousness.[1]

In Equity. Suit for infringement of patents. On demurrer to bill.

Ewing, Whitman & Ewing (Philip T. Dodge, of counsel), for complainant.

D. Walter Brown (Kenyon & Kenyon, of counsel), for defendant.

HAZEL, District Judge. The bill alleges infringement of four letters patent, respectively numbered and dated as follows: No. 367,-447, dated August 2, 1887; No. 461,790, dated October 20, 1896; No. 573,081, dated December 15, 1896; No. 620,125, dated February 28, 1899,—for improvements or inventions in typewriter machines. The defendant demurs to the whole bill on various grounds: (1) That

[1] As to pleading in general in infringement cases, see note to Cardwell v. Powell, 19 C. C. A. 595.

the statutory allegations are made merely upon information and belief. (2) That the bill is multifarious, because it fails to allege conjoint use of the inventions covered by the patents in suit; that the infringements complained of are separate and independent infringements of several letters patent, and not a conjoint infringement of all said letters patent. (3) That it does not appear that the improvements for which the patent was granted had not been patented or described in any printed publication in this or any foreign country more than two years prior to the application for such letters patent in the United States. (4) This objection is the same as the third objection, except that it has reference to section 4887 of the Revised Statutes, as amended by Act March 3, 1897.

The complainant corporation acquired title to the patents in suit by assignment from the inventors and patentees. The complainant avers the essential allegations on information and belief. The particular wording of the averment is as follows: "And thereupon your orator complains and says on information and belief." It is set forth in Story, Eq. Pl. § 255, that "whatever is essential in the rights of the plaintiff, and necessarily within his knowledge, ought to be alleged positively, and with precision." In Wyckoff v. Typewriter Co. (C. C.) 88 Fed. 515, the correct form of averment of infringement, where a positive charge is not made, was held to be "that plaintiff has been informed and believes, and therefore avers." The averment in this case does not literally comply with the approved language. But I deem it sufficient. In the case of Wheel Co. v. Davie (C. C.) 100 Fed. 85, the averment was merely that "your orator verily believes." This objection, therefore, is overruled.

By the amendment of March 3, 1897, to section 4886 of the Revised Statutes, were inserted in that section the words, "or more than two years prior to the application," and to section 4887 were added the words, "unless the application for said foreign patent was filed more than seven months prior to the filing of the application in this country, in which case no patent shall be granted in this country." The application for the patent in suit, to which this objection is made, was filed after the amendment became of force. The amended provisions are made applicable to patents granted on applications filed after January 1, 1898. The bill alleges that the improvements for which a patent was obtained were not known or used by others in the United States, and not patented or described in any printed publication in any country, before their invention or discovery thereof, and were not in public use or on sale for more than two years before the application for letters patent in the United States next thereinafter mentioned, and had not been abandoned to the public. The pleader followed the prevailing practice, and omitted to allege the amendment included in sections 4886 and 4887 of the Revised Statutes. It has been uniformly held in an action for infringement that allegations of the requirements contained in section 4886 prior to the amendment were necessary and material. Failure to so allege has repeatedly been held defective. Blessing v. Copper Works (C. C.) 34 Fed. 753; Coop v. Institute (C. C.) 47 Fed. 899; Consolidated Brake-Shoe Co. v. Detroit Steel

& Spring Co. (C. C.) 47 Fed. 894; Goebel v. Supply Co. (C. C.) 55 Fed. 827; Hanlon v. Primrose (C. C.) 56 Fed. 601; Ross v. City of Ft. Wayne (C. C.) 58 Fed. 404; Hutton v. Seat Co. (C. C.) 60 Fed. 747; Diamond Match Co. v. Ohio Match Co. (C. C.) 80 Fed. 118; Wheel Co. v. Davie (C. C.) 100 Fed. 85. Counsel for complainant contends that, as letters patent are prima facie evidence of their validity, the burden is on the defendant of establishing defenses under the statute, and therefore it is unnecessary and improper in a bill of complaint for the infringement of a patent to anticipate the defense. This contention is without merit. While letters patent are themselves prima facie evidence of validity, yet, as the conditions and requirements of sections 4886 and 4887, as amended, are of the essence of the right of action, they must be averred in the bill of complaint. The requirements of these sections are conditions precedent to the grant of a valid patent. I can discover no substantial reason why the cases requiring analogous averments prior to the amendments should not be followed since their adoption. The fact that congress has changed the requirements, or added thereto, has in no sense changed the rules of pleading which have been adopted in this court. The third and fourth objections to the bill are therefore sustained.

The averment of the bill "that the improvements or inventions described are capable of conjoint use in one and the same typewriting machine, and that the aforesaid several improvements and inventions are conjointly used in the machines complained of, and made, constructed, and sold by the defendants," is sufficient. Chisholm v. Johnson (C. C.) 106 Fed. 191. The allegation of conjoint use is not satisfactorily alleged, but the defendant is clearly charged by the bill with conjointly using the aforesaid several improvements in the typewriting machines manufactured and sold by it; i. e. the previously described four letters patent. This is sufficiently broad to permit defendant to properly meet the allegation of conjoint infringement. I think this construction placed upon the averment of conjoint use comes within the rule laid down by the authorities. This objection is overruled. Plaintiff may have 30 days to serve amended bill, without costs of demurrer.