## AMERICAN GRAPHOPHONE CO. v. NATIONAL PHONOGRAPH CO.

(Circuit Court, S. D. New York. January 7, 1904.)

**1. PATENTS—SUITS FOR INFRINGEMENT—RULES OF PLEADING.**

The form and requisites of bills in suits for infringement of patents have been settled by repeated decisions, and the practice can only be changed by an amendment of the equity rules or of the rules of the Circuit Courts.

**2. SAME—REQUISITES OF BILL.**

A bill for infringement must show the facts which are by statute made essential to the validity of the patent sued on—such as original invention, that the invention had not been previously patented or described in a printed publication, or used for more than two years prior to the application—as requisite conditions precedent to the right to sue.

**3. SAME—ALLEGATION OF OWNERSHIP.**

A bill for infringement must allege complainant's title and its source, and it is not sufficient merely to attach a copy of the patent as an exhibit showing its issuance to complainant as assignee.

**4. SAME—PRAYER FOR PRELIMINARY INJUNCTION.**

Where a preliminary injunction is sought, it must be specially asked for in the prayer of the bill in conformity to equity rule 21, otherwise the bill is demurrable.

**5. SAME—ALLEGATION OF DAMAGES.**

The failure of a bill for infringement to allege the extent of complainant's loss or damage is not ground for demurrer.

In Equity. Suit for infringement of patent. On demurrer to bill.

Philip Mauro and C. A. L. Massie, for complainant.

Richard N. Dyer and John Robert Taylor, for defendant.

HAZEL, District Judge. This is a suit for infringement of United States letters patent No. 683,958, granted to complainant upon application of Thomas H. Macdonald for "improvement in sound recorders." The bill omits to allege the statutory requirements covered by sections 4883, 4884, and 4886 of the Revised Statutes [U. S. Comp. St. 1901, pp. 3381, 3382]. Neither does it allege complainant's source of title. It contains a prayer for preliminary injunction in language which does not strictly comply with equity rule 21. The defendant demurs to the bill on seven grounds: First, generally, then upon the special grounds mentioned above, and the further ground that the bill does not set forth the extent and character of complainant's damages on account of the alleged infringement. Complainant's brief, explaining the absence of essential allegations in the bill, states:

"We call attention to the shortness of our bill as contrasted with the ordinary bill in equity in patent suits. If the court can see its way clear to sus-

¶ 1. Pleading in infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.

tain our bill, an inestimable boon will be conferred upon the profession and upon clients, both in directness and simplicity of pleading and in the saving of time and printer's bills."

Briefly stated, the bill is not prepared in the ordinary form, but is an attempt to introduce an entirely new system of equity pleading in suits for the infringement of patents. The recommended change in the prevailing system of pleading in suits of this character is beyond doubt owing to praiseworthy motives. Long acquiescence by the court and the bar, however, is convincing that well-established rules of practice and procedure, especially when they have received the repeated sanction of judges learned in the patent law, should not be inconsiderately altered or disturbed. If the manner of pleading in patent suits now sanctioned and required by repeated decisions in this and other jurisdictions has truly become cumbrous and vexatious owing to what complainant has styled "errors" or "excrescences" which have crept into the established form, relief, if any be needed, must be sought in the equity rules and in the rules of the Circuit Courts. Sections 913, 917, 918, Rev. St. [U. S. Comp. St. 1901, pp. 683–685]. The equity rules prescribed by the Supreme Court and the rules promulgated by the Circuit Courts (subject to alteration by the Supreme Court) have the force and effect of law, unless they are inconsistent with the statutes of the United States. The objections assigned by counsel for defendant to the contention of complainant in the concluding remarks of his brief may be quoted because of their cogency and persuasiveness. He says:

"While, as counsel for complainant state, it might possibly be a convenience to attorneys generally if bills of complaint in patent cases were materially shortened, we believe were a decision handed down in this case overruling the demurrer it would be a source of much confusion in the preparation of pleadings. The form of pleading used to the present time has been pursued for so many years that nearly all counsel practicing before the courts in suits of this character are entirely competent to prepare bills to which demurrers will not lie. If the court should, in giving its decision, hold the bill in the present case sufficient, and not demurrable, the question would scarcely be sufficiently settled to permit counsel to prepare bills similar to that submitted here in cases for other circuits. Each court might prefer to follow a decision of its own circuit instead of another, and it would be impossible for counsel to settle on the form of the bill for a particular circuit until an examination of the decisions for that circuit had been made prior to the filing of the bill."

The decisions are multitudinous holding that, to enforce a remedy arising from the statutes in relation to patents and copyrights, the jurisdictional facts upon which the remedy depends must be pleaded. 1 Foster, Fed. Practice (3d Ed.) 229, etc. Compliance with the statute is a condition precedent to complainant's right to sue. The following cases hold it necessary to set forth in a bill the statutory requirement as to the two years' public use: Blessing v. Copper Works (C. C.) 34 Fed. 733; Consolidated Co. v. Detroit Co. (C. C.) 47 Fed. 894; Nathan v. Craig (C. C.) 47 Fed. 522; Krick v. Jansen (C. C.) 52 Fed. 823; Ross v. City of Fort Wayne (C. C.) 58 Fed. 404; Elliott Co. v. Fisher (C. C.) 109 Fed. 330. Again, in the following cases the bill failed to allege that the invention had not been previously patented or described in any printed publication. This was held to be demurrable. Overman Co. v. Elliott Co. (C. C.) 49 Fed. 859; Goebel v. American

Co. (C. C.) 55 Fed. 825; Hanlon v. Primrose (C. C.) 56 Fed. 600; Hutton v. Star Co. (C. C.) 60 Fed. 747; Diamond Match Co. v. Ohio Co. (C. C.) 80 Fed. 117; Rubber Co. v. Davie (C. C.) 100 Fed. 85. In Sullivan v. Redfield, Fed. Cas. No. 13,595, it is held necessary for the bill to allege that complainant is the original inventor. This decision was followed in Young v. Lippman, Fed. Cas. No. 18,160, Consolidated Co. v. Detroit Co., supra, and other cases.

The bill has annexed thereto the patent as an exhibit, showing the issuance thereof to the complainant. It is contended that this is a sufficient disclosure of ownership of the patent in suit. It is clearly insufficient as the bill is drawn. The various assignments from the original patentee showing title in a complainant need not be specifically alleged. The right of a complainant to sue must appear affirmatively, and accordingly the averment showing title to the patent upon which the statute for infringement is founded is essential. Nourse v. Allen, Fed. Cas. No. 10,367, 4 Blatchf. 376; Perry v. Corning, Fed. Cas. No. 11,004, 7 Blatchf. 195.

The seventh ground of demurrer is that, though a preliminary injunction is asked for in the bill, equity rule 21 is not complied with, in that no special request for preliminary relief is demanded. Failure to comply with the equity rule governing this question is demurrable. City of Carlsbad v. Tibbetts (C. C.) 51 Fed. 852; Goebel v. American Co., supra.

The sixth ground of demurrer, relating to the failure to charge the extent of complainant's loss or damages, is overruled on the authority of Wirt v. Hicks (C. C.) 46 Fed. 71, and Wykoff v. Wagner (C. C.) 88 Fed. 515. In all other respects the grounds of demurrer are sustained, with leave to complainant to amend within 20 days upon payment of costs.