## MOSS v. McCONWAY–TORLEY CO.

(Circuit Court, W. D. Pennsylvania.   February 27, 1906.)

### No. 20.

1. PATENTS—SUIT FOR INFRINGEMENT—BILL.

A bill for infringement of a patent in order to state a case must allege the facts which are essential to the validity of the patent under Rev. St. §§ 4886, 4887 as amended by Act March 3, 1897, c. 391, 29 Stat. 692 [U. S. Comp. St. 1901, p. 3382], and negative those the existence of which would defeat it.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, §§ 507, 508.]

2. SAME.

A bill for infringement of a patent applied for after Act March 3, 1897, c. 391, 29 Stat. 692 [U. S. Comp. St. 1901, p. 3382], took effect is bad on demurrer where it fails to allege that the invention was not patented or described in any printed publication in this or any foreign country more than two years prior to the application for the patent, or whether or not it was patented in any foreign country, and, if so, that application was made within seven months thereafter for the United States patent.

3. SAME—ALLEGATION OF INFRINGEMENT.

A bill for infringement of a patent must charge the infringement of a material part of the invention to entitle the complainant to relief in equity.

[Ed. Note.—For cases in point, see vol. 38, Cent. Dig. Patents, § 511.]

4. SAME—MULTIFARIOUSNESS.

While a bill for infringement of two separate patents must show that the inventions are capable of conjoint use it is sufficiently shown where one patent shows on its face that it is for an improvement on the invention of the other.

In Equity. Bill to restrain infringement of patent No. 677,363, granted July 2, 1901, on application filed August 27, 1900, and patent No. 758,268, granted April 26, 1904, on application filed November 30, 1903. On demurrer to bill.

M. A. Christy, for demurrer.

L. C. Barton, opposed.

ARCHBALD, District Judge.[1]  The bill charges the infringement of two patents and is demurred to by the defendants upon several grounds.

[1] Specially assigned.

According to the acts of Congress in such case made and provided (Rev. St. §§ 4886, 4887, as amended by Act March 3, 1897, c. 391, 29 Stat. 692 [U. S. Comp. St. 1901, p. 3382]), a new and useful device, in order to be patentable, must not (section 4886) have been known or used by others in this country before the invention or discovery thereof by the applicant; nor patented or described in any printed publication in this or any foreign country before such invention or discovery, nor more than two years prior to the application; nor have been in public use or on sale in this country for more than two years prior thereto, unless the same is proved to have been abandoned; nor (section 4887) shall any person otherwise entitled to receive a patent be debarred by reason of the invention having been first patented by the inventor or his legal representatives or assigns in a foreign country, unless the application for such foreign patent was filed more than seven months prior to the filing of the application in this country. In a suit for infringement, the complainant, in order to state a case, must bring himself substantially within these provisions, negativing whatever is necessary to do so (16 Encycl. Plead. & Prac. 100; Elliott, etc., Typewriter Co. v. Fisher Typewriter Co. [C. C.] 109 Fed. 330); and the question is whether that has been done here.

It is averred in the bill with regard to each of the patents sued upon, of which the complainant claims to be the original and first inventor, that it was "not known or used before, nor patented or described in any printed publication in this or any foreign country before the said invention thereof, nor abandoned, and not in public use or on sale two years prior to the date of his application for patent." This is good, so far as it goes, but the trouble is that it does not go quite far enough. The averment that the invention was "not known or used before" may be a sufficient denial of its having been "known or used by others in this country before the invention or discovery thereof," in the words of the statute; although it stops somewhat short of that, and it would have been better to follow the act rather than attempt to abbreviate it. There are other omissions, however, which are not entitled to fare so well. While it is denied, for instance, that the invention was not "patented or described in any printed publication in this or any foreign country before the said invention thereof"; it is not averred, that it was not so patented or described more than two years prior to the application for a patent. This is material, being one of the express conditions of patentability imposed by the statute; an inventor, as the law now stands, if I apprehend it aright, being obliged to apply within two years after the patenting or description of the invention by another, even though he himself be the original and first inventor, if he hopes to maintain his rights thereto. Furthermore there is no statement whatever in the bill, as to whether the invention has or has not been patented abroad, it being provided by the statute, if it has, that it can only escape being thereby barred, in case such patenting was upon an application filed within seven months of filing the application here. In other words, the inventor must apply in this country within seven months after a successful application in a foreign country, or fail. The bill is also defective in that it

fails to charge the infringement of any material or substantial parts of the invention. All that it says upon the subject is that some parts have been infringed. But this would cover the mere accidental adoption of an immaterial feature; which, however it may be at law, is not such an infringement as will be taken cognizance of in equity. Ball & Socket Fastener Co. v. Kraetzer, 150 U. S. 111, 14 Sup. Ct. 48, 37 L. Ed. 1019. No doubt these defects, one and all, are amendable, and the complainant asks leave to supply what is lacking, which will be given him. But as the matter stands, the grounds of demurrer which have been so referred to are well taken, and must be sustained.

In other respects, however, the bill is good. It is contended that, being for the infringement of two distinct patents, it is multifarious, there being no averment that the two inventions are capable of conjoint use. It is no doubt essential, where two or more patents are sued upon, that this should appear. 16 Encycl. Plead. & Prac. 95. But in the present instance, the one patent on its face is an improvement on the other, so that they are necessarily of the same character, and able, as we must assume, to be used together in the same device.

To the extent so indicated, the demurrer is sustained, with costs; with leave to the complainant to amend within 30 days.