## VICTOR TALKING MACH. CO. v. LEEDS & CATLIN CO.

(Circuit Court, N. D. New York. December 22, 1908.)

### No. 2,208.

1. PATENTS (§ 328*)—INVENTION—SOUND RECORDS.
    The Johnson patent No. 739,318, for a sound record of the disk type, having a tablet adapted to receive printed matter impressed in the material thereof, is not so clearly devoid of invention on its face as to justify its being so adjudged on demurrer to a bill for its infringement.
    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

2. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—REQUISITES OF BILL.
    Under the weight of authority, a bill for infringement must allege the facts which are by statute made essential to the validity of the patent sued on, as that no application for a foreign patent for the invention was filed more than seven months before the filing of the application in this country, which would render the patent invalid under Rev. St. § 4887, as amended by Act March 3, 1897, c. 391, § 3, 29 Stat. 692 (U. S. Comp. St. 1901, p. 3382).
    [Ed. Note.—For other cases, see Patents, Dec. Dig. § 310.*]

In Equity. Demurrer to bill of complaint for alleged infringement of United States letters patent No. 739,318, known as "Johnson Patent."

Stimson & Williams (Horace Pettit, of counsel), for complainant.
Louis Hicks, for defendant.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

RAY, District Judge. The patent sued upon contains the following claims:

"(1) A sound-record comprising a flat disk composed of a material which will soften under the application of heat, and having sound-waves impressed upon its surface, a thin tablet of a material which is adapted to receive and retain permanently printed matter. pressed into said disk when in a heated condition so as to be flush with the surface thereof.

"(2) A sound-record comprising a flat disk composed of a material which will soften under the application of heat, and having sound-waves impressed upon its surface, a thin tablet of fibrous material having a printed title thereon, pressed into said disk when in a heated ·condition so as to be flush with the surface thereof.

"(3) A sound-record comprising a flat disk composed of material which will soften under the application of heat, having sound-waves impressed upon its surface, a centrally-disposed label pressed into said disk when in a heated semi-plastic condition, and secured to the record material by the adhesive properties of the record material when in the softened state, the said label being pressed flush with or below the surface of the record-tablet.

"(4) A sound-record comprising a flat disk composed of material which will soften under the application of heat, having sound-waves impressed upon its surface, a thin tablet of fibrous material pressed into said disk when in a heated semi-plastic condition, and secured to the record material by the adhesive properties of the record material, the said label being pressed flush with or below the surface of the record-tablet."

It was granted September 22, 1903, on application filed August 8, 1900, and the claims are presumptively valid.

In addition to a detailed description of the alleged invention, the specifications say:

"My invention relates to certain improvements in sound-records, and particularly to the flat disk-record, such as are used on gramophones and other similar machines.

"The object of my invention is to provide a simple. inexpensive, and convenient means for marking records of this class in order that the title of the matter recorded on said record and the other matter usually engraved thereon may be easily discerned.

"Heretofore it has been the practice to mark records of this class by engraving the necessary descriptive matter on the die from which the record is stamped or by etching the same upon the original record. This practice has been found to be quite expensive, inconvenient, and otherwise objectionable, and the records when so stamped are hardly legible on account of the color of the same, which is usually black or of a dark color and has to be held in a. certain position, so that the light will properly fall upon the engraved matter before the same can be readily distinguished. My present invention is designed with a view of overcoming these objectionable features; and it consists in providing an inlaid tablet printed or marked with a color much lighter than that of the record adapted to the center of the said record, and having the descriptive matter printed thereon before the insertion of said tablet. * * *

"It is obvious that, by reason of the tablet being compressed into the record, the tablet or label is prevented from being defaced, and the printing or marks thereon are preserved from ·scratches and from being made illegible from contact with other objects.

"While I have illustrated the inlaid tablet as being circular, it will of course be understood that it might be rectangular or of any other suitable ·contour, and the edges of the same might be scalloped or notched in order to give it a more artistic appearance."

Two grounds of demurrer were urged on the argument: First, that the patent is invalid on its face for lack of invention; that by reason of matters of common knowledge and devices in common use, ˙of which

the court will take judicial notice, it appears from mere inspection of the letters patent that they are void for want of invention. Second, that it is not alleged in the bill that the alleged invention described and claimed "had not been patented in any country foreign to the United States on an application filed by said E. R. Johnson (the inventor), or his legal representatives or assigns, more than seven months prior to the filing of his application for said letters patent of the United States, or that, no application for a patent therefor had, more than seven months prior to the filing of said application for patent No. 739,318, been filed by him or his representatives or assigns in any country foreign to the United States."

I do not think this court can take judicial notice of the composition, form, etc. of all sound-records, and the mode and manner of impressing the sound-waves thereon; the usual mode of shaping and forming them and impressing thereon the sound-waves, and combining therewith a tablet having thereon printed matter giving necessary and valuable information to the owners and users of such record, or that there ever was such a combination or the mode and manner of impressing such information on such sound-records prior to the patent in suit and the cost of same, etc., except as shown in the specifications of the patent and decided cases. In fact, the patent itself alleges a new mode of combining this information with the sound-record itself, and says that this combination is more simple, less expensive, more convenient and useful, and that the information given by the printed matter is much more legible and easily read than the same information impressed on sound-records in the modes of the prior art. The claim is for a combination, not for a process, and I do not think it is self-evident that the claims fail to disclose patentable invention. If the conception was new, novel, useful, practicable, and has added something to the sum of human knowledge, made sound-records cheaper, better, more convenient for sale and use, shall it be said that patentable invention is not disclosed? Evidence of the state of the prior art and of analogous arts may show to the court on final hearing that there is no invention. The entire prior art is not before the court. I am not pointed to any decided case, book, or pamphlet showing the combination of the patent in suit.

Coming to the other question, the statute applicable reads (section 4887, Rev. St. U. S., as amended March 3, 1897, Act March 3, 1897, c. 391, § 3, 29 Stat. 692 [U. S. Comp. St. 1901, p. 3382]):

"No person otherwise entitled thereto shall be debarred from receiving a patent for his invention or discovery, nor shall any patent be declared invalid, by reason of its having been first patented or caused to be patented by the inventor or his legal representatives or assigns in a foreign country, unless the application for said foreign patent was filed more than seven months prior to the filing of the application in this country, in which case no patent shall be granted in this country."

That statute in effect provides that if an inventor takes out a patent for his invention in a foreign country, and files his application therefor in such foreign country more than seven months prior to the filing of the application for a patent in this country, no patent for such invention shall be granted in this country. And if a patent is taken out

abroad and also here, the patent taken here is not to be declared invalid unless the application for the patent taken abroad was filed in such foreign country more than seven months prior to the filing of the application in the United States.

It would seem that if an inventor applies for a patent in the United States, and it is granted, it is presumed that the Patent Office has inquired into all the facts prerequisite to the granting of same and has found that the applicant is entitled thereto. The patent when issued is presumptively valid, and, this being so, unless there is some statute or rule of court to the contrary, it is not necessary for the pleader to negative possible defenses. This point on this precise question has been passed upon. American Cereal Company v. Oriental Food Company (C. C.) 145 Fed. 649 (opinion by Judge Kohlsaat). He held that a failure to insert such an allegation did not make the bill demurrable. But there seems to be a weight of authority to the contrary. Moss v. McConway-Torley Co. (C. C.) 144 Fed. 128; Elliott & Hatch Book-Typewriter Co. v. Fisher (C. C.) 109 Fed. 330; American Graphophone Co. v. Phonograph Co. (C. C.) 127 Fed. 349.

It is better that I sustain this ground of demurrer and allow the complainant to amend. It must be understood that I do not entertain or express any opinion as to whether or not the patent discloses patentable invention. Where the work of the mechanic skilled in the art ends and executed mental conception constituting patentable invention commences is difficult to determine. In this case the judge at final hearing, with the proofs before him, can best decide. Many simple steps forward in an art have been held to show mental conception of a high order, but I will not stop to cite the numerous cases.

The fourth ground of demurrer is sustained, the others overruled. Complainant may amend in 20 days. No costs.