ZENITH CARBURETER CO. et al. v. STROMBERG MOTOR DEVICES CO.

(District Court, E. D. Michigan, S. D. February 18, 1913.)

No. 1.

PATENTS (§ 310*) — SUIT FOR INFRINGEMENT — SUFFICIENCY OF BILL — NEW EQUITY RULES.

Under new equity rule 25 (198 Fed. xxv, 115 C. C. A. xxv), a bill for infringement of a patent is not required to set out the facts which constitute conditions precedent to the grant of the patent, set forth in Rev. St. §§ 4886, 4887 (U. S. Comp. St. 1901, p. 3382); but it is sufficient to allege its issuance, the several links in the chain of title, which will enable the court to judge of the propriety of the parties complainant being so named, and the acts of infringement relied on.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

In Equity. Suit by the Zenith Carbureter Company and the Société du Carburateur Zenith against the Stromberg Motor Devices Company. On motion to dismiss bill under new equity rule 25 (198 Fed. xxv, 115 C. C. A. xxv). Motion denied.

William M. Swan, of Detroit, Mich., for complainants.
Harvey L. Hanson, of Chicago, Ill., for defendant.

TUTTLE, District Judge. This is a motion, the first of its kind that has been brought before me under the new equity rules, asking

that the bill of complaint in this cause be dismissed for failure to include and set up therein matter set forth in sections 4883, 4886, and 4887 of the Revised Statutes (U. S. Comp. St. 1901, pp. 3381, 3382). These sections in question deal with the requirements which constitute conditions precedent to the grant of letters patent of the United States, such as the fact that the device of the patent has not been in public use or on sale in the United States or its territories for more than two years preceding the filing of application for patent thereof, the fact that the device has not been previously patented or described in print in any foreign country, etc.

As is well known, no part of a bill of complaint for infringement of a patent, in the forms that had become settled under the old equity rules, was more verbose and reiterative than the several opening paragraphs of a bill thus drafted; and it strikes me that counsel for the complainant, in adopting the language found in the opening paragraphs of his bill, has conformed in a most gratifying degree to the language and intent of the new rules in simplifying and abbreviating his bill. New rule 18 (198 Fed. xxiii, 115 C. C. A. xxiii) having swept out and abolished, in one very brief stroke, the technical forms of pleadings in equity, we turn to new rule 25 (198 Fed. xxv, 115 C. C. A. xxv) for hints and guidance as to what a bill of complaint should now contain. The first paragraph, naturally and properly, follows very closely the old requirements as to the names, residences, etc., of the parties. The second paragraph, calling for "a short and plain statement of the ground upon which the court's jurisdiction depends," is, I think, fully met by the language of the bill in this case. In short, it alleges the fact of the issuance of the patent by the United States Patent Office, the several links in the chain of title, which places before the court the facts which will enable it to judge on final hearing of the propriety of the parties complainant being so named, and the fact that sundry acts of infringement have been committed within the Southern division of the Eastern district of Michigan. This last, it seems to me, is also in entire compliance with paragraph 3, new rule 25, calling for a short and simple statement of the facts upon which plaintiff intends to rely, "omitting any mere statement of evidence."

I am of the opinion that the bill as filed is in entire and fair compliance with both the language and the spirit of the new rules, and sufficient to advise defendant, to the degree which at this stage of the case it is now entitled, of complainants' attitude.

The motion to dismiss is therefore denied, and that part of new rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi), calling for the filing of the answer within five days after the denial of such a motion as this, must be observed.