BAYLEY & SONS, Inc., v. BRAUNSTEIN BROS. CO.

(District Court, S. D. New York. December 6, 1916.)

PATENTS ☞310(1)—SUIT FOR INFRINGEMENT—REQUISITES OF BILL.

New equity rule 25 (198 Fed. xxv, 115 C. C. A. xxv), providing that a bill shall contain "a short and simple statement of the ultimate facts upon which the plaintiff asks relief," has not changed the former rules of pleading in infringement suits, which require the plaintiff to allege, not only that he was the first original and sole inventor of the invention of the patent, but also a compliance with the negative requirements of the statute to entitle him to a patent.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–514, 519; Dec. Dig. ☞310(1).]

In Equity. Suit by Bayley & Sons, Incorporated, against the Braunstein Brothers Company. On motion to dismiss. Motion sustained.

This is a motion to dismiss a bill in equity for infringement of a patent. The relevant allegations are that George W. Bayley was "the first, original, and sole inventor of the new and useful improvement in electric light fixtures, and was entitled to a patent therefor under the provisions of the statutes in such case made and provided, and on the 4th day of June, 1915, made an appli-

.cation in due form of law to the Commissioner of Patents of the United States and complied with the requirements of the laws in such cases"; that later the applicant assigned his application to the plaintiff, and "on the 12th day of October, 1915, letters patent of the United States No. 1,156,454 were granted on the said application" to the plaintiff. The purpose of the motion is to test the question whether the new equity rules have changed the former requirements of pleading in patent causes.

C. A. Weed, of New York City, for the motion.
Walter H. Pumphrey, of Chicago, Ill., opposed.

LEARNED HAND, District Judge (after stating the facts as above). Every one concedes that the patent itself is only prima facie proof of the patentee's right to his monopoly. To allege the patent alone, therefore, is to allege evidence, and not the "ultimate facts" required by rule 25 (198 Fed. xxv, 115 C. C. A. xxv). The only question that can arise is, what portions of the statute which define his right shall be regarded as provisos and what exceptions. It was well settled before the rules went into effect that the plaintiff must allege, not only that he was the first, original, and sole inventor, but also compliance with the negative requirements of the statute. Blessing v. Copper Works (C. C.) 34 Fed. 753; Coop v. Institute (C. C.) 47 Fed. 899; Consolidated Brake-Shoe Co. v. Detroit Steel & Spring Co. (C. C.) 47 Fed. 894; Goebel v. Supply Co. (C. C.) 55 Fed. 827; Hanlon v. Primrose (C. C.) 56 Fed. 601; Ross v. City of Ft. Wayne (C. C.) 58 Fed. 404; Hutton v. Seat Co. (C. C.) 60 Fed. 747; Diamond Match Co. v. Ohio Match Co. (C. C.) 80 Fed. 118; Rubber-Tire Wheel Co. v. Davie (C. C.) 100 Fed. 85; Elliott & Hatch Book-Typewriter Co. v. Fisher Typewriter Co. (C. C.) 109 Fed. 330. Since the new rules went into effect, some difference of opinion has arisen. Judge Ray has held, in Maxwell Steel Vault Co. v. National Casket Co. (D. C.) 205 Fed. 515, that the old rule applies. But Judge Tuttle held the contrary, in Zenith Carbureter Co. v. Stromberg Motor Devices Co. (D. C.) 205 Fed. 158.

I cannot see that the new rules can have changed the pleading at all. They only incorporate what was the practice of every good pleader before. The equity bar got into verbose habits, but those habits were never proper, except for the fact that, by loading the bill with "proper charges," the discovery could be made more specific. It therefore was necessary to put much evidence in the bill. That requirement has been eliminated by the rule, so that the bill is now, what it always ought to have been, a mere pleading, and not a "charge" of evidence to be answered. But the rules did not and could not change the necessity of a statement by the party having the affirmative of the "ultimate facts" on which his right depends. Nevertheless, I hope we shall not return to the old idle verbiage, which incumbered a bill for infringement. Whether we do or not depends upon the instinct of workmanship of the bar.