**MOELLER et al. v. SCRANTON GLASS INSTRUMENT CO., Inc.**

(District Court, M. D. Pennsylvania. August 7, 1926.)

No. 482.

**1. Patents ☞310(1).**
Bill for infringement should, under equity rule 25, contain statement of facts, without conclusions, from which court can draw the proper conclusions.

**2. Patents ☞310(1).**
Notwithstanding equity rule 25, bill for infringement should set forth that the inventions were not in public use, nor on sale, nor patented, nor described in a printed publication, for two years before application for patent.

**3. Patents ☞310(1).**
Attaching printed circulars, with diagram of patented article, is not an attaching of letters patent, averred in bill for infringement.

**4. Patents ☞310(1).**
It is not enough for bill for infringement to merely state that assignment was made, which may be a mere conclusion, but copy of assignment should be set out by way of exhibit.

**5. Patents ☞310(1).**
Bill for infringement should state definitely and specifically wherein patents were infringed, and dates of infringements.

**6. Patents ☞310(1).**
Bill for infringement should specify how and when notice of infringements was given to defendant.

In Equity. Suit by August E. Moeller and others against the Scranton Glass Instrument Company, Inc. On motion to dismiss bill. Granted, subject to leave to amend.

Welles, Leach & Davis, of Scranton, Pa., and O. R. Barnett, of Chicago, Ill., for plaintiffs.

Jerome I. Myers, of Scranton, Pa. (Reese H. Harris, of Scranton, Pa., of counsel), for defendant.

JOHNSON, District Judge. We have for disposition the defendant's motion to dismiss plaintiffs' bill of complaint, filed to restrain the defendant from infringing upon certain patent rights of the plaintiffs, and to recover damages suffered by plaintiffs by reason of the alleged infringement. The defendant's motion to dismiss assigns eight reasons, which will be considered in their order:

[1] "(1) The said complaint is defective upon the face of the bill, there being an insuffi-

cient averment of facts necessary to constitute a valid cause of action in equity, and such defect goes to the whole cause of action stated in the bill."

This reason must be sustained; the whole bill is defective. There is a failure to state sufficient facts from which the court can draw the proper conclusion. The bill should contain facts, without conclusions, from which the court can draw the proper conclusions. Rule 25 of the Equity Rules requires: "Third, a short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence."

[2] "(2) The said bill of complaint is defective, in that it fails to set forth that the inventions at issue were not in public use nor on sale in this country for two years before the application for letters patent thereon.

"(3) The said bill of complaint is defective, in that it fails to allege that the inventions at issue were not patented nor described in a printed publication in this or any foreign country for two years before the application for letters patent thereon."

These reasons raise a somewhat unsettled question, but the weight of authority seems to be in favor of the defendant's contention that the bill of complaint should set forth that the inventions at issue were not in public use nor on sale in this country, or any foreign country, for two years before the application for letters patent thereon, and that the inventions at issue were not patented nor described in a printed publication in this or any foreign country for two years before the application for letters patent thereon.

"The bill of complaint should clearly identify the invention claimed in the patent, should allege ownership thereof, and should set forth those facts which are statutory prerequisites to the grant of a valid patent. A positive averment of such prerequisites is necessary. Allegations on belief are insufficient." 30 Cyc. p. 1031.

This text-book authority is supported by the following decisions:

In Maxwell Steel Vault Co. v. National Casket Co. (D. C.) 205 F. 515, on page 524, Judge Ray said:

"I do not think rule 25 was intended to do away with the necessity of alleging compliance with sections 4886 and 4887 of the Revised Statutes [Comp. St. Ann. §§ 9430, 9431]. In other words, it does not change the rule of pleading in patent cases stated in the cases above cited. If it does, then hereafter it will only be necessary to allege the issuing of the letters patent, describing them, and the ownership of same, and all the other facts will be presumed from the existence of that fact; there being a presumption that such letters patent are valid. All the numerous decisions seem to go on the theory that, to allege a good cause of action in a patent case, it is necessary to state all the facts showing that the patentee was entitled to the patent, and to negative the existence of those facts which, if existing, would defeat the validity of the patent; that is, while the issue of the letters patent, and their presentation in court, are prima facie evidence of their validity, this must be sustained by appropriate allegations in the bill of complaint showing that they were properly and legally issued to the first inventor, and, in effect, that there is no defense thereto of the character referred to. The forms for bills of complaint in patent cases given in the books all follow this procedure. See 3 Rose, Code Fed. Proc. c. 29, p. 2862; 4 Desty, Fed. Proc. 691. Whatever the reason for all these allegations in a bill in equity for infringement of a patent and for an accounting, I do not think the new rules were intended to change this settled practice."

In Bayley & Sons, Inc., v. Braunstein Bros. Co. (D. C.) 237 F. 671, Learned Hand, District Judge, said on this question:

"Every one concedes that the patent itself is only prima facie proof of the patentee's right to his monopoly. To allege the patent alone, therefore, is to allege evidence, and not the 'ultimate facts' required by rule 25. * * * The only question that can arise is: What portions of the statute which define his right shall be regarded as provisos, and what exceptions? It was well settled, before the rules went into effect, that the plaintiff must allege, not only that he was the first, original, and sole inventor, but also compliance with the negative requirements of the statute. Blessing v. Copper Works (C. C.) 34 F. 753; Coop v. Institute (C. C.) 47 F. 899; Consolidated Brake-Shoe Co. v. Detroit Steel & Spring Co. (C. C.) 47 F. 894; Goebel v. Supply Co. (C. C.) 55 F. 827; Hanlon v. Primrose (C. C.) 56 F. 601; Ross v. City of Ft. Wayne (C. C.) 58 F. 404; Hutton v. Seat Co. (C. C.) 60 F. 747; Diamond Match Co. v. Ohio Match Co. (C. C.) 80 F. 117; Rubber-Tire Wheel Co. v. Davie (C. C.) 100 F. 85; Elliott & Hatch Book-Typewriter Co. v. Fisher Typewriter Co. (C. C.) 109 F. 330. Since the new rules went into effect, some difference of opinion has arisen. Judge Ray has held, in Maxwell Steel Vault Co. v. National Casket Co. (D. C.) 205 F. 515, that the old rule applies. But Judge Tuttle held the contrary,

in Zenith Carbureter Co. v. Stromberg Motor Devices Co. (D. C.) 205 F. 158.

"I cannot see that the new rules can have changed the pleading at all. They only incorporate what was the practice of every good pleader before. The equity bar got into verbose habits; but those habits were never proper, except for the fact that, by loading the bill with 'proper charges,' the discovery could be made more specific. It therefore was necessary to put much evidence in the bill. That requirement has been eliminated by the rule, so that the bill is now, what it always ought to have been, a mere pleading, and not a 'charge' of evidence to be answered. But the rules did not and could not change the necessity of a statement by the party having the affirmative of the 'ultimate facts' on which his right depends. Nevertheless, I hope we shall not return to the old idle verbiage, which incumbered a bill for infringement. Whether we do or not depends upon the instinct of workmanship of the bar."

In Schaum & Uhlinger, Inc., v. Copley-Plaza Operating Co. (D. C.) 243 F. 924, on page 925, Dodge, Circuit Judge, said:

"There can be no doubt that, before the present equity rules went into effect, the omitted allegations were essential. See Bayley, etc., Co. v. Braunstein, etc., Co. (D. C.) 237 F. 671, in which many prior decisions are cited. See, also, American, etc., Co. v. National, etc., Co. (C. C.) 127 F. 349 (1904); Moss v. McConway, etc., Co. (C. C.) 144 F. 128 (1906); Walker, Patents (5th Ed. 1917) § 579; McCoy v. Nelson, 121 U. S. 484, 7 S. Ct. 1000, 30 L. Ed. 1017, upon which the plaintiff places some reliance, does not appear to have been ever recognized as an authority to the contrary. The bill there under consideration does not appear in full in the report, and Justice Blatchford states * * * that it was 'in accordance with approved precedents, and * * * in the usual form.' But under rule 25 * * * a bill need only contain 'a short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence.' Does this require a different conclusion as to the omitted averments now under consideration?"

In American Laundry Machinery Co. et al. v. Prosperity Co., Inc. (C. C. A.) 295 F. 819, on page 820, Hough, Circuit Judge, said:

"Under what the cited decision calls 'the statute which is fundamental to all others in our patent law,' * * * patents are granted to those inventing new and useful arts which (inter alia) were not in public use, and not patented or described for more than two years 'prior to his (the petitioning inventor's) application.' Under this act it is good pleading for plaintiff in a patent suit to negative the exemptions of the statute in his bill, and this the present plaintiff did, as shown above."

[3] "(4) The said bill of complaint is insufficient, in that in paragraph 2A thereof it avers that a copy of the letters patent, No. 1,177,128, is attached to said bill as Exhibit A and made a part thereof; whereas in fact no copy of any letters patent is attached to said bill, Exhibit A being a mere extract or specification from letters patent.

"(5) The said bill of complaint is insufficient, in that in paragraph 3A it avers that a copy of the letters patent, No. 1,331,165, is attached to said bill as Exhibit B and made a part thereof; whereas, in fact no copy of any letters patent is attached to said bill, Exhibit B being a mere extract or specification from letters patent."

No copy of the letters patent is attached to the plaintiffs' bill. Exhibit A and Exhibit B are not copies of the letters patent, but are printed circulars, with a diagram of the patented article.

[4] "(6) The said bill of complaint is insufficient, in that in paragraph 4 thereof reference is made to an assignment of letters patent, and said assignment is alleged to be the basis of the plaintiff's title; but no copy of said assignment is attached to the said bill of complaint or made a part thereof."

The ultimate fact here referred to is the assignment itself. It is not sufficient merely to state that an assignment was made; this may be a mere conclusion. A copy of the assignment should be set out in the bill by way of an exhibit.

[5] "(7) The said bill of complaint is insufficient, in that it is vague and indefinite in the allegations as to the alleged infringements by the defendant of the patents forming the basis of the said suit, particularly in the period of said infringements and the dates thereof."

The bill should state definitely and specifically wherein plaintiffs' patents were infringed and the dates of the infringements.

[6] "(8) The said bill of complaint is vague and indefinite, in that it alleges that the defendant was notified of the alleged infringements of the said letters patent; it fails to specify how or when said notice was given to defendant."

The bill should specify how and when said notice was given to the defendant. In view of the foregoing, the bill is insufficient

as it stands, and must be dismissed, if not amended.

Unless amended within 30 days from the date of the filing hereof, there may be a decree dismissing it, with costs.