UNITED NICKEL Co. and others *v.* WORTHINGTON and others.

*(Circuit Court, D. Massachusetts.* August 14, 1882.

PATENT FOR INVENTIONS—INFRINGEMENT—WHO LIABLE.

> The only persons who can be held for damages for the infringement of a patent, are those who own, or have some interest in the business of making, using, or selling the thing which is an infringement; and an action at law cannot be maintained against the directors, shareholders, or workmen of a corporation which infringes a patented improvement.

This action at law, for damages for the infringement of two patents, was brought November 21, 1877, and was now submitted to the court upon agreed facts.

The defendants were the American Nickel Plating Works, a corporation duly organized under the general laws of Massachusetts, three directors and one stockholder of the company, and one workman. When this action was brought, a suit in equity was pending by the same plaintiffs against the corporation, and one Anthes, which resulted in a final decree for the plaintiffs, not for profits, but for damages assessed at $13,000, and upwards, and a large bill of costs, for which execution has been issued, but in no part satisfied. Judge Shepley, at one term of the court, when the evidence in the equity suit was nearly all taken, ordered this action to stand continued to await the result of that suit. The company has done no business since the injunction was decreed, and is now insolvent.

The plaintiffs having some security in this action by attachment of the property of the corporation, which has since been mortgaged, submit that they may prosecute it against the corporation, and against the individuals who are, and were during the infringements, its directors or stockholders, or workmen in its employ.

The case finds that Shea had no interest in the business, but was a nickel plater for wages. As to the other defendants, that they were concerned only as officers and stockholders, and as authorizing the defense of the equity suit, which they did in good faith under advice of counsel; except that Allen, as an officer of the company, solicited the business for which the defendant corporation was pursued in the equity suit.

*T. W. Clarke,* for plaintiffs.

*D. H. Rice,* for defendants.

LOWELL, C. J. The final decree of this court in the equity suit being for damages in respect to the very same infringements now in

suit, is a merger of the cause of action as against the corporation. The hardship of the case arises from the course of practice by which security can be had by attachment in actions at law, but not in equity, excepting when an injunction *nisi* is ordered, and so it has happened that the present action might have been more productive to the plaintiffs than that which they pursued. It does not appear that this point had occurred to plaintiffs when they moved before Judge Shepley for a trial of this action. If it had, they might have discontinued the equity suit. As torts are joint and several, the decree does not release the other defendants, there having been no actual satisfaction. The question, then, is whether the directors, stockholders, and workmen of the corporation are liable.

It has been held that a mere workman who makes a patented article is not an infringer. *Delano* v. *Scott*, Gilp. 489; *Heaton* v. *Quintard*, 7 Blatchf. 73. The reason given by *Hopkinson*, J., in the first of these cases, goes far to decide the present. He says that the statute does not mean to class mere agents, servants, etc., as makers and venders of the patented improvement, but the principals, for whose account and benefit they act.

It was conceded, but without being decided, in *Lightner* v. *Brooks*, 2 Cliff. 287, and in *Lightner* v. *Kimball*, 1 Low. 211, that a director who has acted affirmatively, so to speak, and ordered an infringement by the corporation, would subject himself to an action. But, upon further examination, I think the law is not so. Infringement is not a trespass. The form of action is case; and this is because the act done is not of itself a direct interference with the tangible property of the plaintiff, but an indirect interference with his paramount right. It is like the building of a house upon a man's own land, which shuts out a light which his neighbor has a prescriptive right to enjoy. The person who is to pay damages for a disturbance is not every one who has had anything to do with the building, but he who owns it. It would be a great hardship if the directors of a railway or manufacturing corporation were bound, at their personal peril, to find out that every machine which the company uses is free of all claim of monopoly. No case precisely in point has been cited; but the practice certainly is to ask for damages only against the corporation. Joinder in equity for purposes of discovery and injunction is another matter; but I have not known damages to be asked for against the directors of a corporation, excepting in one case, which did not come to trial, but was discontinued as to the directors.

I am of opinion that the only persons who can be held for damages are those who should have taken a license, and that they are those who own or have some interest in the business of making, using, or selling the thing which is an infringement; and that an action at law cannot be maintained against the directors, shareholders, or workmen of a corporation which infringes a patented improvement.

The plaintiffs are to have 30 days to except to this ruling. At the end of that time the order will be, judgment for the defendants.