### MACKIE-LOVEJOY MFG. CO. v. CAZIER.

(Circuit Court of Appeals, Seventh Circuit. October 1, 1907.)

#### No. 1,361.

PATENTS—INFRINGEMENT—PROFITS AND DAMAGES RECOVERABLE.

The findings of a master as to the profits and damages recoverable from a defendant for infringement of the Cazier patent No. 696,940 for a trousers hanger *held* supported by the evidence.

[Ed. Note.—Accounting by infringer for profits, see note to Brickill v. City of New York, 50 C. C. A. 8.]

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

For former opinion, see 138 Fed. 654, 71 C. C. A. 104.

.This suit originated at circuit by bill of equity filed by appellee, complainant in the court below, charging appellant, defendant in the court below, with infringement of claim 5 of letters patent of the United States No. 696,940, granted to Marion H. Cazier, April 8, 1902. The opinion of the Circuit Court was to the effect that the claim was not infringed, and a decree was entered ordering that the bill be dismissed for want of equity. Complainant appealed from that decree and the dismissal of the bill, and subsequently, on arguments and brief, this court reversed the decree of the Circuit Court with directions to such court to enter a decree in appellant's favor for an injunction and accounting. 138 Fed. 654, 71 C. C. A., 104. The case was referred to Harvey W. Booth, Esq., one of the masters in chancery of the Circuit Court for the Northern District of Illinois, to ascertain, take, state, and report to the court the number of infringing articles made by the defendant, and the gains, profits, and advantages which it had received therefrom, together with the damages suffered by complainant by reason of said infringement.

After due proceedings had, the master rendered his report, finding that the entire profits which had accrued to the defendant, the Mackie-Lovejoy Manufacturing Company, from the manufacture and sale of said infringing articles amounted to $3,004.11, and awarded all of such profits to the complainant, and, in addition, held the defendant liable to complainant for damages suffered by reason of a reduction in the selling price of his articles on account of said infringement to the amount of $2,092.81, total amount found for complainant being $5,096.92. To this report defendant filed 15 objections, and after due consideration thereof the master, on October 6, 1906, overruled each and all of said objections. On November 14, 1906, the defendant took exceptions to the master's report—19 in all—and the court below, after hearing arguments and briefs on behalf of both parties, affirmed said report, ordering, adjudging, and decreeing that the complainant have and recover said amounts as profits and damages from the defendant, and also pay to complainant the costs in said suit to be taxed, etc.

Thomas F. Sheridan, for appellant.

Joseph Cummins, for appellee.

Before BAKER and SEAMAN, Circuit Judges, and WRIGHT, District Judge.

WRIGHT, District Judge (after stating the facts as above).  By a former opinion of this court (Cazier v. Mackie-Lovejoy Manufacturing Company et al.), the validity of the patent of the appellee herein of the trousers hanger in question, and its infringement by the appellant, were established, and the decree then before the court was reversed, with directions to enter a decree in favor of the complainant below, for an injunction, and accounting.  A decree was accordingly entered by the Circuit Court in conformity to the direction of this court, and the cause referred to a master in chancery to state the account.  The master having stated the account of profits and damages against the defendant below, upon evidence taken before him, reported to the court, and, after having heard exceptions to such report, the court below overruled such exceptions, and approved the report of the master, and gave its decree accordingly against the appellant for the amount of profits and damages resulting from the infringement found by this court.  From such decree, this appeal is prosecuted, and for its reversal it is insisted the respective amounts found by the master as profits and damages against the appellant, and neither of such sums, are supported by the competent evidence in the case.

We have carefully examined the evidence in the record, and considered the arguments made against the findings in view of all the evidence, and have reached the conclusion that such findings of the master are supported and justified by the competent evidence in the case.  And, inasmuch as the reasoning by which we reach the conclusion relates to the analysis and balancing of the evidence, no necessity is discovered, nor would any good purpose be subserved by lengthening this opinion by producing such reasoning.  The findings of the master, together with his reasons therefor, are set forth at large in the record, which after full hearing and argument the trial court approved, and we are satisfied the findings and reasoning of the master upon the facts in the case are warranted by the evidence, and are unwilling to disturb the same, and the decree of the Circuit Court will therefore be affirmed.