### CAZIER v. MACKIE-LOVEJOY MFG. CO.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1909.)

#### No. 1,499.

PATENTS (§ 326*)—SUIT FOR INFRINGEMENT—CONTEMPT PROCEEDINGS FOR VIOLATION OF INJUNCTION—RULINGS APPEALABLE.

In contempt proceedings instituted in a suit for infringement of a patent, and in which the defendant was adjudged in contempt for violating an injunction and a fine imposed payable to the United States, the refusal of the court to permit the complainant to introduce evidence of his damages on account of the new infringement, and to recover such damages and costs in the contempt proceeding, related to a matter of procedure, within the discretion of the court, and is not reviewable by appeal.

[Ed. Note.—For other cases, see Patents, Dec. Dig. § 326.*]

Appeal from the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois.

See, also, 157 Fed. 88, 84 C. C. A. 591.

Joseph Cummins, for appellant.

Thomas F. Sheridan and George L. Wilkinson, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. The appeal is by the party in the court below in whose favor the decree was entered. The ground of the appeal is that although by a former decree, the appellee was found to be an infringer of patent No. 696,940, issued to appellant April 8th, 1902 (Cazier v. Mackie-Lovejoy Mfg. Co., 71 C. C. A. 104, 138 Fed. 654; Mackie-Lovejoy Mfg. Co. v. Cazier, 157 Fed. 88, 84 C. C.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

A. 591), and by this decree appellee was found guilty of contempt on account of a new infringement of appellant's patent, for which a fine of fifty dollars was imposed, to be paid to the United States, the Court erred in denying appellant's motion to take evidence, in connection with the contempt proceedings, as to his damages by reason of the new infringement, and his costs and expenses, in the contempt proceedings—the contention of appellant being that he was entitled, as a matter of right, to a hearing, in the contempt proceeding, not only of the question whether there had been a contempt, but also of the question of whether there were damages by reason of the infringement constituting the contempt, and the amount thereof, and to have such damages made a part of the decree.

Whether appellant can appeal at all from a decree that finds the appellee guilty of contempt and imposes a fine to be paid to the United States, is a question we do not decide, for that is not the part of the decree appealed from that is assigned as error. We dismiss this appeal because, limited as it is by the assignments of error to the alleged error of the Circuit Court in not broadening the hearing and the decree so as to cover damages and costs, as well as the fine, the portion of the decree thus complained of is not appealable.

Substantive rights are one thing, procedure or the way to attain substantive rights, is another. A decree disposing of substantive rights is usually, in some way or other, appealable; the exercise of discretion by a court as to the procedure, or way of attaining those rights, is not usually appealable. True when the validity of a patent has been established, and the defending party decreed to be an infringer on account of certain specific devices brought before the court, the infringing party may not, by mere colorable changes, avoid the effect of the decree as an adjudication between the parties; and the offending party may be reached either by separate suit or by a supplemental bill. Murray v. Orr & Lockett Hardware Co., 153 Fed. 369, 82 C. C. A. 445. But whether the procedure be by separate suit or by supplemental bill, the party in one way or the other securing his substantive right, is a matter in the discretion of the court, and therefore not appealable.

The denial to appellee of his motion for damages, costs and expenses to be decreed to him in the contempt proceedings, is not a denial of his substantive right to have, in some form or other, damages, costs and expenses. The only thing denied him is a particular method of obtaining his damages, costs and expenses. And if the court may choose, as above pointed out, the procedure or method whereby a substantive right shall be pursued, and such choice is a matter of judicial discretion (Murray v. Orr & Lockett Hardware Company, supra), we see no reason why the court may not, also, as a matter of discretion, determine that the method shall not be in connection with, or a part of, the contempt proceedings; from which it follows that that portion of the decree upon which error is assigned, is not appealable.

The appeal is dismissed.