SCHAUM & UHLINGER, Inc., v. COPLEY–PLAZA OPERATING CO.

(District Court, D. Massachusetts.    July 20, 1917.)

No. 802.

1. PATENTS ☞310(2, 10)—SUIT FOR INFRINGEMENT—PLEADING—AMENDMENT.

A bill for infringement of a patent which does not allege that the patent was issued in the name of the United States under the seal of the Patent Office or that it was signed by the Commissioner, nor annex a copy of the patent or make profert thereof, is defective, but is amendable under equity rule 19 (198 Fed. xxiii, 115 C. C. A. xxiii).

2. PATENTS ☞312(1)—SUIT FOR INFRINGEMENT—SUFFICIENCY OF BILL.

Where a bill for infringement alleges that the patent was issued to another than the applicant as assignee, it will be presumed that an assignment sufficient to pass title was before the Patent Office.

3. PATENTS ☞310(1)—SUIT FOR INFRINGEMENT—SUFFICIENCY OF BILL.

An allegation in a bill for infringement that a person named was "within the meaning of the statutes of the United States then in force the inventor" of the patented process, while informal, is equivalent to an allegation that he was the original and first inventor or discoverer.

4. PATENTS ☞310(1)—SUITS FOR INFRINGEMENT—ALLEGATION OF TITLE.

An allegation in a bill for infringement that the patent was prior to the filing of the bill "by various mesne assignments duly assigned to" complainant, but without specifying such assignments, is insufficient to show title in complainant, but may be amended.

5. PATENTS ☞310(1)—SUITS FOR INFRINGEMENT—ESSENTIAL ALLEGATIONS OF BILL.

Equity rule 25 (198 Fed. xxv, 115 C. C. A. xxv), providing that a bill shall contain a short and simple statement of the ultimate facts, does not change the previously settled requirement that a bill for infringement must contain distinct allegations of compliance with Rev. St. §§ 4886, 4887, as amended by Act March 3, 1897, c. 391, §§ 1, 3, 29 Stat. 692 (Comp. St. 1916, §§ 9430, 9431), although the facts should be shortly and simply stated.

In Equity.   Suit by Schaum & Uhlinger, Incorporated, against the Copley-Plaza Operating Company.   On motion to dismiss bill.   Granted, subject to leave to complainant to amend.

Alfred H. Hildreth and Van Everen, Fish & Hildreth, all of Boston, Mass., for plaintiff.

Oliver Mitchell, of Boston, Mass., and Edwin F. Thayer, of Attleboro, Mass., for defendant.

DODGE, Circuit Judge.   None of the defects claimed to exist in this bill for infringement of a patent seem to me jurisdictional in the sense contended for by the defendant.   If they exist, I cannot regard them as requiring dismissal of the bill without leave to amend, in view of equity rule 19 (198 Fed. xxiii, 115 C. C. A. xxiii).

[1]  To show itself the owner of a monopoly granted by public authority, the plaintiff has alleged only that one Uebersax, "being, within the meaning of the statutes of the United States then in force, the inventor of a certain new and useful process," duly filed an application for a patent therefor, and that on June 3, 1913, "all of the requirements of the statutes then in force having been complied with," Unit-

ed States patent No. 1,063,478 was duly issued on said application, with further allegations as below, showing the ultimate vesting of title thereto in the plaintiff.

There are no allegations that said patent was issued in the name of the United States, under seal of the Patent Office, or that it was signed by the Commissioner, as required by Rev. Stats. § 4883, as amended by Act Feb. 18, 1888, c. 15, 25 Stat. 40 (Comp. St. 1916, § 9427). These omissions, in connection with the fact that no copy of said patent is annexed and no profert thereof made, leave the bill defective. Fichtel v. Barthel (C. C.) 173 Fed. 489. It is understood that the plaintiff intends asking leave to amend by making profert of the patent. If this is done, the above defects will be cured, according to the case cited.

[2] The bill alleges that said patent was issued to Wenger & Co., as the assignee of Uebersax. There is no allegation of an assignment in writing by him to Wenger & Co., entered of record in the Patent Office before issue. But, having held, in Beckwith, etc., Co. v. Gowdy, 244 Fed. 805, Nos. 628, 630, Eq., in this court, that in such a case assignments sufficient to pass title from the applicant to the assignee named may be presumed to have been before the Patent Office until the contrary is shown, I cannot hold this omission material. See opinion in the above case dated August 5, 1916.

[3] The bill alleges Uebersax to have been, "within the meaning of the statutes of the United States then in force, the inventor" of the patented process. I do not think it necessary to hold the omission to allege that he was "the original and first inventor or discoverer" of said process a material omission. This, although not clearly and definitely expressed, I consider sufficiently indicated by the language used.

[4] The bill alleges that the patent, with all rights of action for its infringement, was, prior to the filing of the bill, "by various mesne assignments, duly assigned to" the plaintiff. There is no specification of the assignments referred to; and without such specification I think the bill makes an insufficient showing of title in the plaintiff. The plaintiff is understood to acquiesce in this view and to intend asking leave to amend so as to supply this deficiency.

[5] Except as contained in or to be implied from the above terms wherein issue of the patent is alleged, the bill omits to allege fulfillment of the conditions precedent to the issue of a valid patent specified in Rev. Stats. § 4886, and also omits to negative the filing of any foreign application such as would bar the issue under section 4887. Whether or not these omissions leave the bill insufficient is the question to which the argument has been mainly devoted.

There can be no doubt that before the present equity rules went into effect the omitted allegations were essential. See Bayley, etc., Co. v. Braunstein, etc., Co. (D. C.) 237 Fed. 671, in which many prior decisions are cited. See, also, American, etc., Co. v. National, etc., Co. (C. C.) 127 Fed. 349 (1904); Moss v. McConway, etc., Co. (C. C.) 144 Fed. 128 (1906); Walker, Patents (5th Ed. 1917) § 579. McCoy v. Nelson, 121 U. S. 484, 7 Sup. Ct. 1000, 30 L. Ed. 1017, upon which the plaintiff places some reliance, does not appear to have been

ever recognized as an authority to the contrary. The bill there under consideration does not appear in full in the report, and Justice Blatchford states (121 U. S. 487, 7 Sup. Ct. 1002 [30 L. Ed. 1017]) that it was "in accordance with approved precedents, and * * * in the usual form."

But under rule 25 (198 Fed. xxv, 115 C. C. A. xxv) a bill need only contain "a short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence." Does this require a different conclusion as to the omitted averments now under consideration?

The defendant relies on Maxwell v. National, etc., Co. (D. C.) 205 Fed. 515 (1913), in which Judge Ray declined to strike out such averments, being of opinion that the new rules were not intended to change the settled practice requiring allegations showing compliance with sections 4886 and 4887, and also on Bayley, etc., Co. v. Braunstein, etc., Co. (D. C.) 237 Fed. 671 (1916), in which Judge Learned Hand sustained a motion to dismiss for want of such allegations, although the bill contained allegations to much the same effect as those found in the present bill, that the patentee "was entitled to a patent * * * under the provisions of the statutes in such case made and provided." Judge Hand, like Judge Ray, considered allegations going no further than to show issue of the patent sued on as allegations of evidence, not of ultimate fact, and held the formerly settled rule unaffected by rule 25.

The plaintiff relies on Zenith, etc., Co. v. Stromberg Co. (D. C.) 205 Fed. 158 (1913), wherein Judge Tuttle denied a similar motion to dismiss, regarding the former necessity for express allegations of compliance with the requirements of sections 4886 and 4887 as done away with by rule 25. To this decision, though rendered some three months earlier, Judge Ray's decision, above cited, makes no reference. The plaintiff relies also on Gen, etc., Co. v. Nikolas (D. C.) 207 Fed. 111 (1913), wherein Judge Chatfield, as to the matters now being considered, agreed with Judge Tuttle. This decision, made some two months later than Judge Ray's, contains no reference thereto.

In Pittsburg, etc., Co. v. Beler, etc., Co. (D. C.) 222 Fed. 950 (1915), a decision made, not on motion to dismiss, but on final hearing, Judge Orr called attention to the undue amount of space taken up in the bill before him by the unnecessarily expanded form wherein all its allegations and prayers were expressed. He found it unnecessary for the purposes of the case before him to determine whether or not averments of compliance with all statutory conditions precedent to the granting of a patent were required, under the new rules, as above; but he forcibly recommended the avoidance of the unnecessary verbiage formerly common in bills for infringement, as serving no useful purpose. I am entirely in accord with these recommendations, and with the similar suggestions made by Judge Ray in his opinion above cited.

Upon the question now being considered, I agree with Judge Ray and Judge Hand, and hold, as they have held, that rule 25 does not change the previously settled requirement of distinct allegations of

compliance with sections 4886 and 4887. Such allegations were previously held necessary because they were of facts essential to the validity of the patent sued on, and therefore to the relief sought. If essential to this extent, I must consider them statements of ultimate facts, as distinguished from statements of mere evidence, for the purposes of rule 25. Said facts can be shortly and simply stated in various ways; one way being that suggested in Judge Ray's opinion above referred to ([D. C.] 205 Fed. at page 521). There will be no occasion for a return to any of the unduly prolix forms wherein they have sometimes been stated. Perhaps they may be capable of sufficient statement in a form even more condensed; but the language whereby this bill attempts to cover them seems to me altogether too general and indefinite.

The bill affords no express description of the alleged invention, although Uebersax is alleged as above to have invented "a certain process or method," etc., afterwards patented, and said process or method, as "shown, described, and claimed" in the alleged patent, is alleged to have proved itself of value by commercial success, and also to have been infringed by the defendant. This is not a description sufficient for the purposes of a bill not setting forth or making profert of the patent referred to, by the amendment said to be intended as above, however, this defect will be cured.

Among the prayers for relief is one for the surrender and destruction of all apparatus used or intended for use in the alleged infringement. The patent, so far as appears from the bill, covering only a process or method, the bill appears to show no ground, as it stands, for the granting of any such relief. But this objection, since it would at most justify only the striking out of the prayer referred to, need not be further considered at present.

The result is that the bill is insufficient as it stands, and must be dismissed if not amended. Unless amended within ten days from this date, there may be a decree dismissing it, with costs.