## JOST v. BORDEN STOVE CO.

### (District Court, E. D. Pennsylvania. January 2, 1920.)

### No. 1909.

1. PATENTS ⊂⊃118—COMPLIANCE WITH STATUTORY REQUIREMENTS NECESSARY.

No one has the right to a patent, without complying with all the conditions set forth in Rev. St. §§ 4886, 4887 (Comp. St. §§ 9430, 9431).

2. PATENTS ⊂⊃282—ACTION FOR INFRINGEMENT BASED ON ISSUANCE OF PATENT.

A patent infringement suit is based, not on the fact that plaintiff may be entitled to a patent, but on the actual issuance of a patent to him.

3. PATENTS ⊂⊃312(3)—GRANT OF PATENT AND INFRINGEMENT AS PRIMA FACIE CASE.

In patent infringement case, evidence of the grant of the patent and of infringement presents a prima facie case, which defendant must overcome to prevent plaintiff securing a decree.

4. PATENTS ⊂⊃310(7)—ATTACK ON VALIDITY OF PATENT MATTER OF DEFENSE IN INFRINGEMENT SUITS.

In patent infringement suits, the grounds specified in Rev. St. § 4920 (Comp. St. § 9466), on which defendant may attack the validity of the patent, are purely matters of defense.

5. PATENTS ⊂⊃310(1)—PLAINTIFF MAY ESTABLISH ONLY PRIMA FACIE CASE OR FORESTALL DEFENSE.

In patent infringement suit, the plaintiff may, if he chooses, confine his case in chief to establishing a prima facie case, or he may forestall the defense by presenting his whole case in chief, but he is not required to negative possible defenses.

6. PATENTS ⊂⊃310(1)—NECESSITY OF PLEADING THAT INVENTIONS HAD NOT BEEN ABANDONED IN INFRINGEMENT SUIT.

In a patent infringement suit, a bill is not defective for failure to allege that the invention had not been abandoned to the public, since this is purely a matter of defense, which the defendant may raise under Rev. St. § 4920 (Comp. St. § 9466).

7. PATENTS ⊂⊃310(9)—DETERMINING ADMINISTRATRIX'S RIGHT TO SUE FOR INFRINGEMENT.

In a patent infringement suit, defendant's contention that title to the patent was not sufficiently alleged to be in plaintiff, who was the inventor's administratrix, raises only the question of a possible variance, and cannot be determined on a motion to dismiss the bill before proofs have been offered.

In Equity. Suit by Estelle C. Jost, administratrix of John Frederick W. Jost, against the Borden Stove Company. On motion to dismiss the bill. Denied.

Mark W. Collet, of Philadelphia, Pa., for plaintiff.
William Steell Jackson, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. Whenever two things, however essentially different, come (as is often the case) to be the same in results, all thought of difference is likely to be dropped, and the differences ignored.

[1-3] The present motion is based upon such suppression of the thought of a difference between letters patent which have been granted and the right to the patent or its validity. The difference is, of course, obvious. No one has the right to a patent without bringing himself

within all the conditions set forth in R. S. §§ 4886 and 4887 (Comp. St. §§ 9430, 9431). Without the patent he has no property right upon which any one could trespass. Having that property right, he has a cause of action against any one who infringes. In other words, his cause of action depends, not upon whether he is within the provisions of the patent laws, and, in consequence, possessed of the right to a patent, but whether a patent has in fact been granted to him. It is true the right he claims may be open to question, and the validity of his patent to successful attack; yet nevertheless the real condition of things is that without the patent he has nothing, but with it he has all the rights which it grants, until the invalidity of the patent appears. Hence we have the accepted doctrine that evidence of the grant of a patent and of infringement presents a case which, if made out by the evidence, the defendant must overcome, or the plaintiff is entitled to his decree.

[4] The logic of the doctrine that the case of the plaintiff depends upon the patent he holds, and not upon the facts which give him the right to the grant of a patent, is that the issue, which this feature of the case presents, is that of patent or no patent, or, in other words, the production of his patent is conclusive of his patent rights, which are not open to collateral attack.

This would necessarily be the law of the trial of patent cases, as it would be of any other like cases, except for the fact that this law has been changed by statute, and R. S. § 4920 (Comp. St. § 9466), permits the defense to attack the validity of the patent on the grounds set forth. It is perfectly clear, however, that these are purely matters of defense.

[5] The conclusion from the above cannot be resisted that a plaintiff (as to this branch of his case) may confine his pleadings and proofs to the grant of a patent to him. It happens that the facts permitted to be shown in defense are the same facts, and necessarily must be at least some of the same facts, upon which the right of the plaintiff to his patent depends.

This, and the trial conditions next stated, have brought about whatever confusion of thought upon this subject exists. Trials, like all other combats, have their principles of strategy and of tactics. It is the right of a plaintiff to confine, if he chooses, his case in chief to the establishing, as it is called, of a prima facie case. The defendant must then answer it, to which answer the plaintiff may reply. Knowing, however, what the defense will be, he may deem it to be good trial tactics to present his whole case in chief, and undertake the proof, not only of the issue to him of a patent, but also of the facts upon which his right to it ultimately depends, thus forestalling the defense. Viewing the pleadings as the field of strategy, as the trial is of tactics, he may plan the battle on either of the lines suggested in the same way, by setting forth his whole case or only a prima facie case. It is apparent that the ultimate results (if a defense is made) are the same, as the plaintiff must appear, not only to have, but to have a legal right to have, a patent. It is also apparent that the only practical difference produced is in respect to the course of the trial. It does not follow, however,

that because the plaintiff may thus anticipate the defense, by averring and proving facts which it will set up, that he is bound to do so, and the conclusion, before suggested, that he is not required to negative any or all possible defenses, still holds.

[6, 7] Thus the question before us seems to stand upon principle. We have stated it in the abstract. In the concrete, it may be thus presented: The plaintiff has not in her bill, which is the statement of her cause of action, averred, among other things, that this invention had not been "abandoned to the public"; nor has the plaintiff, who sues in a representative character or capacity, averred "in ipsissimis verbis that the title to the patent was in the administratrix of the inventor, who is the plaintiff in this action."

We have chosen these two grounds of the motion to dismiss as typical. The first raises the question of law, which we have discussed, and very squarely raises it, because abandonment is one of the defenses which R. S. § 4920, permits. We do not understand just what the other ground is (not having access to the verbiage of the bill); but, giving to this part of the motion any of the meanings it may have, the result remains that it goes at most to the assertion that there will be a variance. This we cannot determine now, having only the allegata before us, nor until the probata appear.

It remains only to see whether the conclusion reached (that this motion be denied) is in accord with the decided cases by which we are controlled. It is to be observed that many of the later cases discuss the question of pleading presented as affected by the equity rules of 1912 (198 Fed. xix, 115 C. C. A. xix). Indeed, counsel so discuss it. This is, of course, one way of meeting it; but it does not cover the whole ground.

One evident purpose of the equity rules was undoubtedly to simplify pleadings and curtail verbosity, but the necessity of setting forth a cause of action still remains. The fact statements, upon which the cause of action depends, must still be made, although now they are limited to the ultimate facts. Whether the bill in a patent case is restricted to the statement of the grant of a patent, or expanded to include a statement of all the facts which enter into the question of validity, does not of itself indicate compliance or noncompliance with the requirement to make only ultimate fact statements. The real question, in consequence, goes back of the present equity rules. Nor do we see that the cases which rule that a plaintiff may set forth all the ultimate facts upon which his cause of action in the end depends, without the bill being open to the charge of the averments being surplusage, necessarily rule either that he is bound to so set them forth, or that he might not confine himself to the statement of such ultimate facts as establish a prima facie case.

The conclusions reached we think to be in accord with the decided cases, among which are those cited in the respective briefs of counsel. Even these are too numerous to be even listed. In consequence, we limit ourselves to a few of them. Fichtel v. Barthel (C. C.) 173 Fed. 489; American v. Orient (C. C.) 145 Fed. 649; Pittsburgh v. Beler

(D. C.) 222 Fed. 950; McCoy v. Nelson, 121 U. S. 484, 7 Sup. Ct. 1000, 30 L. Ed. 1017; Bayley v. Braunstein (D. C.) 237 Fed. 671; Schaum v. Copley (D. C.) 243 Fed. 924.

The motion to dismiss is denied.