### DAVIS et al. v. MOTIVE PARTS CORPORATION et al.

(District Court, S. D. New York. June 23, 1922.)

1. **Corporations ☞668(15)—Foreign corporation accepting, filling, and receiving pay for orders through agents in state, held to be maintaining "place of business in state," authorizing service of process on agents.**

Foreign corporation, which accepted, filled, and received pay for orders through agents in state, *held* to be maintaining "place of business in state," authorizing service of process on agents, notwithstanding agents did not have power to bind corporation to orders, or that corporation did not contribute toward agents' expenses and disbursements, nor pay them salary.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Place of Business.]

2. **Patents ☞288—Infringement of patent in district held necessary to give District Court jurisdiction (Judicial Code, § 48 [Comp. St. § 1030]).**

Under Judicial Code, § 48 (Comp. St. § 1030), it is necessary to District Court's jurisdiction of patent infringement suit against foreign corporation, maintaining place of business in district, that infringement be committed within district.

3. **Patents ☞310(1)—Bill must allege patentee invented devices in suit (equity rule 25).**

Under equity rule 25, bill in patent infringement suit must allege that patentee invented devices in suit.

4. **Patents ☞310(1)—Bill seeking to hold individual agents liable for patent infringement should allege what they did in their own behalf.**

To hold individuals, acting as officers or agents of corporate defendants, liable for infringement of patents, bill should allege what they did on their own behalf.

5. **Courts ☞347—Bill not simple and concise must be amended (equity rule 25).**

Where bill is not as simple and concise as required by equity rule 25, amendment thereof will be required, and motion to dismiss denied.

In Equity. Suit by Augustine Davis, Jr., and another, against the Motive Parts Corporation, Walter C. Dyer, and A. Ryder Dyer, for infringement of patents and unfair competition. On motion of defendant Heil Company to quash service of subpœna, and

motion of all defendants to dismiss on grounds that there is no allegation in bill that patentee or patentees of several patents in suit were the first and original inventors thereof, that there is no allegation warranting joinder of defendants, that there is no sufficient allegation of ultimate facts and that equity rule 25 has not been complied with. Motion denied conditionally.

Charles Mc Chapman, of New York City, for plaintiffs.

Philipp, Sawyer, Rice & Kennedy, of New York City (Arthur L. Morsell, of Milwaukee, Wis., of counsel), for defendants.

KNOX, District Judge. [1] The Heil Company is a Wisconsin corporation, and has its principal office and place of business in Milwaukee. In New York City, Motive Parts Corporation, of which the individual defendants are the directing heads, solicits orders for machines and devices manufactured by the Heil Company. In so doing, it holds itself out as the Eastern distributor of the Wisconsin concern. For such services as are performed in their behalf, the Heil Company pays a commission on sales, but makes no payment, as such, towards the expenses or disbursements of Motive Parts Corporation, its officers and employees. Neither do they receive a salary.

Upon the windows of the premises in which Motive Parts Corporation transacts business, the name of the Heil Company appears in large letters, and its offices are supplied with pictures and literature relating to the alleged infringing articles of manufacture. Prices on the apparatus are quoted, and specifications for devices of special manufacture are submitted and examined. It is claimed by defendants, however, that before quoting on such requirements of prospective purchasers the specifications are submitted to the Heil Company, which then quotes its prices thereon, and *advises either Motive Parts Corporation* or its prospects of the prices at which the apparatus will be delivered. If a purchase results, the apparatus is manufactured by the Heil Company, and is then shipped, according to defendants' affidavits, *either direct or through the Motive Parts Corporation to the purchaser;* that the said the Heil Company, receives pay for such devices *either direct from* the customers, or *from the customers through Motive Parts Corporation,* * * * and thereupon credits and pays proper commission to said Motive Parts Corporation. * * * "

It is asserted that neither the Motive Parts Corporation nor the Dyers have power to bind the Heil Company to any orders which may be unsatisfactory to it. This, however, I take it, is not controlling upon the question as to whether the Heil Company here maintains a regular and established place of business. In my opinion, a foreign corporation, transacting its business in the manner described by the affidavits filed upon behalf of the moving parties and as corroborated by defendants, should be held to be here maintaining a regular and established place of business.

In Chipman v. Jeffrey, 251 U. S. 379, 40 S. Ct. 172, 64 L. Ed. 314, the declaration of the Court of Appeals of this state in Tauza v. Susquehanna Coal Co., 220 N. Y. 259, 115 N. E. 915, that "the essential thing is that the corporation shall have come into the state," is approved.

I think that, when a foreign corporation, not only accepts orders, but fills the same, and receives the pay therefor through the instrumentality of an agent located within this state, it should for all reasonable and practical purposes be said to have come here. To the extent of such activities, it is doing all that it could do if it had here opened an office under its own name. The facts disclosed are sufficient to bring the case within the authority of International Harvester Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479.

[2] In order, however, for this court to exercise jurisdiction upon the patent question involved, it is necessary that an act of infringement should here have been committed. Section 48, Judicial Code (Comp. St. § 1030). With reference to this feature of the case, it is sufficient to say that the bill of complaint specifically charges defendants with such infringement within this district.

[3] So holding, the court is required to give consideration to defendants' further motion directed to the alleged defects in the bill. And first as to the objection that the bill fails to allege that the patentee or patentees of the patents in suit invented the devices there disclosed. So far as this district is concerned, defendants' motion is well founded, under the decision of Judge Learned Hand in Bayley & Sons, Inc., v. Braunstein Bros. Co. (D. C.) 237 F. 671. To the same effect is the decision in Schaum & Uhlinger, Inc., v. Copley-Plaza Operating Co. (D. C.) 243 F. 924. I will follow the established practice in this district, and hold with the defendants upon this branch of the case.

[4] I think, too, under the allegations of the bill, that the infringements pleaded are chargeable to the corporate, rather than to

the individual, defendants. What the Dyer brothers did was done as agents or officers of the corporate defendants, and within the ordinary scope of their office. If it is sought to hold them personally accountable, I think there should be an amplification of the allegations of the bill as to what they did upon their own behalf. See Cazier v. Mackie-Lovejoy Mfg. Co., 138 F. 654, 71 C. C. A. 104, and cases there cited.

[5] As to the remaining objection, there is some merit, in that the bill as drawn is not as simple and concise as the equity rules would seem to contemplate. This defect, as well as the others to which reference has been made, can be cured by amendment.

I will therefore deny defendants' motion to dismiss, provided plaintiff amends its bill in the manner indicated within 20 days.