ALUMINUM DIE–CASTING CORPORA-
TION v. ALLIED DIE–CASTING
CORPORATION et al.

(District Court, E. D. New York. June 5,
1924.)

No. 1618.

**1. Courts ⚞347.**

Under equity rule 25, bill in equity need not
contain address to court.

**2. Patents ⚞310(3).**

In patent suit, allegation of citizenship on
information and belief *held* insufficient, in ab-
sence of showing facts on which belief was
founded.

**3. Patents ⚞310(10).**

Allegation of citizenship on information and
belief in patent suit and failure to allege citizen-
ship of defendant, may be cured by amendment.

**4. Patents ⚞310(1).**

Complaint not alleging compliance with
Rev. St. §§ 4886, 4887 (Comp. St. §§ 9430,
9431), nor facts showing patentee was entitled
to patent, nor negativing facts which would de-
feat it, nor containing any profert of patent,
*held* not to comply with equity rule 25.

**5. Patents ⚞310(1).**

Patent is but prima facie evidence, and al-
legation that it was granted is not allegation of
ultimate facts on which relief was asked.

**6. Courts ⚞347.**

Under equity rule 25, complaint must
plead facts, instead of evidence, so as to ap-
prise defendant of rights claimed, notwithstand-
ing rule 18, abrogating technical form of plead-
ing.

**7. Patents ⚞310(1).**

Equity rules have not changed the pleading
in patent cases.

**8. Patents ⚞323.**

Under equity rule 25, judgment cannot be
entered against defendant, where no facts are
alleged showing infringement by him.

In Equity. Suit by the Aluminum Die-
Casting Corporation against the Allied Die-
Casting Corporation and another. On mo-
tion to dismiss the complaint. Motion
granted, unless amended complaint is filed
as directed.

Williams & Pritchard, of New York City,
for plaintiff.

Charles McC. Chapman, of New York
City, for defendants.

CAMPBELL, District Judge. This suit
comes before the court on a motion to dis-
miss the complaint on the several grounds
stated in the notice of motion.

[1] Equity rule 25 provides what a bill in
equity must contain. No address to the court
is required, although it is generally found in
bills in equity.

[2] In paragraph first of the complaint, the
allegation of citizenship of the defendant
Allied Die-Casting Corporation upon in-
formation and belief is in my opinion insuf-
ficient, as that allegation should be made af-
firmatively, or, if made upon information
and belief, the facts must be shown on which
the belief is founded. I have found no au-
thority directly in point, but in any event
there is no allegation of citizenship of the
defendant Edgar N. Dollin, even upon in-
formation and belief.

[3] As to the last-stated objection, the plain-
tiff asked leave to amend on the ground that
it was an error caused by inadvertence, and
I see no reason why both of these grounds
cannot be cured by amendment.

[4] The third paragraph of the complaint
does not comply with equity rule 25, because
it does not allege compliance with Revised
Statutes, §§ 4886 and 4887 (Comp. St. §§
9430, 9431), and all facts necessary to show
that the patentee was entitled to the patent
in suit and to negative the facts which would
defeat the patent, nor is any profert of the
patent made. What the plaintiff does in the
third paragraph of the complaint is to allege
the evidence and fail to allege the ultimate
facts upon which the plaintiff asks relief.

[5] The patent itself is but prima facie evi-
dence, and the allegation that it was granted
is not an allegation of the ultimate facts up-
on which the plaintiff asks relief.

[6] Plaintiff cites equity rule 18, which ab-
rogates technical forms of pleading as the
foundation of the simplified form of pleading
used by it; but he misses the point, it seems
to me, for which the defendants are contend-
ing, and that is a compliance with another of
the same rules, to wit, equity rule 25, in a
matter of substance, not a technicality, be-
cause to require a pleading of facts, instead
of evidence, is to apprise the defendants of
what rights the plaintiff claims, rather than
the evidence by which it intends to prove its
rights.

[7] It cannot be denied that there has been
a difference of opinion in the courts as to the
effect of rule 25, but in my opinion the weight
of authority supports the holding that the
new equity rules have not changed the plead-
ing in patent cases, but only incorporate what
was the practice of every good pleader before
their adoption. Maxwell Steel Vault Co. v.
National Casket Co. (D. C.) 205 F. 522;
General Bakelite Co. v. Nikolas (D. C.) 207
F. 112; Bayley & Sons, Inc., v. Braunstein
Bros. Co. (D. C.) 237 F. 671; Schaum &
Uhlinger v. Copley-Plaza Operating Co. (D.
C.) 243 F. 924. A somewhat more liberal

rule is laid down in Pittsburgh Water Heater Co. v. Beler Water H. Co. (D. C.) 222 F. 951, and Jost v. Borden Stove Co. (D. C.) 262 F. 163; but neither of them go to the extent claimed by plaintiff, and in each of them a profert of the patent is made.

[8] The fifth paragraph of the complaint does not comply with equity rule 25, in that it does not state the ultimate facts upon which the plaintiff asks relief, and under the allegations of that paragraph I fail to see how any judgment could be entered against the individual defendant, as no facts are alleged to show any infringement by him. Cazier v. Mackie-Lovejoy Mfg. Co., 138 F. 654, 71 C. C. A. 104; Davis et al. v. Motive Parts Corporation et al., 16 F.(2d) 148 (decision of Judge Knox, D. C. S. D. of N. Y.) and cases cited supra under the discussion as to paragraph third of the complaint.

It may well be that facts exist which are sufficient to support the claims of the plaintiff in whole or in part, and I am not prepared to say that this court has not jurisdiction because the citizenship of the defendant was alleged on information and belief; therefore this motion will be granted, dismissing the complaint, with costs, unless the plaintiff shall file and serve an amended complaint in accordance with this opinion within 20 days after the entry and service of the order to be entered hereon, and pay to the defendants $10 costs.