## LIPSON et al. v. GENERAL ELECTRIC CO.

Circuit Court of Appeals, Third Circuit. February 15, 1929.

No. 3920.

Charles J. Holland, of New York City, for appellants.

Howson & Howson and Hubert Howson, all of New York City, for appellee.

Before BUFFINGTON, · WOOLLEY, and DAVIS, Circuit Judges. . .

WOOLLEY, Circuit Judge. The District Court granted a preliminary injunction in a suit of the General Electric Company against Samuel Lipson, Barney Lipson, Jack Lipson and two others for infringement of the Just & Hanaman tungsten lamp patent No. 1,-018,502 and the Langmuir gas-filled lamp patent No. 1,180,159. The three named defendants appealed and state the question involved as follows:

Whether or not ordinary workmen, acting under the immediate supervision of their employer who is not proceeded against, are subject to a preliminary injunction.

If the case were precisely as stated in the question involved, clearly the injunction was improperly awarded; · but the record discloses that these defendants, though perhaps "ordinary" workmen, were not "mere" workmen engaged in making patented articles for

an actual infringer, United Nickel Co. v. Worthington (C. C.) 13 F. 392, for it is shown that they had connections with the infringement beyond those of artisans.

In 1925 General Electric Company sued Standard Lamp Works, Inc., Benjamin S. Lipson, Harry Lipson and others for infringement of the Just & Hanaman and Langmuir patents. A final consent decree enjoining the Standard Lamp Works and Benjamin S. Lipson from further infringement was entered. On a representation, satisfactory to the plaintiff, that Harry Lipson was not implicated, he was not included in the decree.

In 1926 the same plaintiff sued Benjamin S. Lipson and Harry Lipson for infringement of the same patents. Here again a final consent decree was entered, this time enjoining Harry Lipson from further infringement, but on a satisfactory representation that Benjamin was not involved, he was left out of the decree. Then followed three proceedings, two for contempt against these two Lipsons for violating these injunctions, Lipson v. General Electric Co. (C. C. A.) 31 F. (2d) 106, this day reviewed; and, another, the instant infringement suit against Barney Lipson and Jack Lipson, brothers of Harry and Benjamin, and against Samuel Lipson, father of the other Lipsons, who either by the consent decrees or their own affidavits are shown at one time or another and in some measure or another to have been engaged in making infringing lamps, laterally at the works and under the name of Cosmo Manufacturing Company, in the management of Harry Lipson and the repudiated though uncertain ownership of Benjamin Lipson, from whence the lamps were shipped to and sold under the name of Sterling Products Company, a concern which had no known composition or habitation and did business only through a post office letter box in Newark, New Jersey.

The plaintiff caused to be purchased lamps which proved to be infringements of the patents in suit.

Samuel, admitting employment by the Cosmo Manufacturing Company but denying any financial interest in it, asserted that his only connection with the company was that of an employee engaged in cutting glass into tube lengths. Barney, likewise admitting employment by but denying financial interest in the company, declared that he was nothing more than an employee engaged in operating an apparatus that exhausts air from lamp bulbs, yet his connection with the company was such as to authorize him to sign for machinery billed and delivered to it. Jack also admitted his connection with the company as an employee in various activities including the delivery of goods but denied any financial interest.

As two members of the Lipson family by consent decrees admitted infringement of the patents in suit and as the evidence shows they persisted in infringement in which the three members of the family here sued were employed in capacities which though minor were directly connected with the infringement, it devolved upon them in order to withdraw themselves from the situation in which the plaintiff's evidence put them to show rather definitely that they were ignorant of or not involved in the wrongdoings of their relatives. This they have not done. As these defendants when brought to proofs did not controvert the plaintiff's case but simply disclaimed responsibility for what they were doing by pointing to the Cosmo Manufacturing Company, their employer, without disclosing who or what that company is—that is, in effect, by entering a plea in abatement without giving the plaintiff a better writ—the arm of the law should reach them and enjoin them from pursuing their part in the general infringement.

The decree is affirmed.