**ART METAL WORKS, Inc., v. HENRY LEDERER & BRO., Inc., et al.**

District Court, S. D. New York. October 17, 1929.

This is a bill of complaint in equity based on United States patent No. 1,673,727, for an alleged improvement in cigar lighters, and design patent No. 74,248 covering the design of such lighters, granted to one Louis V. Aronson, the plaintiff's assignor.

This motion, which was argued with the motion to dismiss the bill for want of so-called jurisdiction—really venue—hereinafter referred to, is concerned principally with the eighth paragraph of the bill of complaint.

In that paragraph it is alleged that at the times mentioned in the complaint the defendant Schrager was the managing agent of an alleged place of business of the defendant, Henry Lederer & Bro., Inc., hereinafter called the Lederer Company, at 9–11 Maiden Lane, in this city.

Two motions, made in behalf of the Lederer Company, were decided by me in this case on October 15, 1929.

The first motion decided, although last made in point of time, was referred to me by Judge Goddard on October 15th, and was a motion to set aside a stipulation between counsel extending the time of the defendant to answer, file motions or otherwise plead in this suit. This I denied for want of equity. Cf. Brookings State Bank v. Federal Reserve Bank (D. C.) 291 F. 659, 661.

The second motion which was to dismiss the complaint on the ground that it was not within the jurisdiction of—i. e. was improperly brought in—this district under section 48 of the Judicial Code (28 USCA § 109) was denied solely on the ground that the stipulation to extend the time to answer, which I had refused to set aside in the motion above mentioned, constituted in effect a general appearance and waived the privilege of the defendant to object to the venue. Hupfeld v. Automaton Piano Co. (C. C.) 66 F. 788, 789.

There was not involved in the denial of this last motion any finding whatever as to whether the Lederer Company had or had not a regular established place of business in this city and had or had not been guilty of acts of infringement within this district.

The complaint alleges, in substance, in paragraph eight, that, at all relevant times, the Lederer Company maintained a regular and established place of business at 9–11 Maiden Lane in this city; that the defendant Schrager was within the times mentioned in the complaint managing agent of the Lederer Company in charge of such office; that he contributed to the infringement of the patents mentioned in the suit by soliciting and obtaining orders for contracts for the sale of the infringing cigar lighters; that he

W. T. Hedlund, of New York City, for defendant Schrager.

Ward, Crosby & Neal, of New York City (Kenneth S. Neal, of New York City, of counsel), for plaintiff.

WOOLSEY, District Judge. The motion to dismiss the complaint as against Schrager is granted on both grounds, with leave to amend the bill as against him within 20 days if the plaintiff wishes to hold him personally accountable.

sold them on behalf of and in the name of the Lederer Company; that he has, apparently personally, used the said infringing cigar lighters and has accepted payment from purchasers to whom he has sold them; and that during the period mentioned in the complaint, has derived and continues to derive personal profits from such sales—all without license, authority, or permission from the plaintiff.

On a motion, like this, to dismiss the bill of complaint on the ground that it does not state a cause of action against the defendant Schrager and hence that there is a misjoinder of the parties, I have to take the allegations of the bill of complaint as true.

Assuming, therefore, for the purposes of this motion, that the defendant Schrager was at all relevant times and now is the managing agent of the Lederer Company in charge of a place of business of that company in this city, it seems to me that all the acts of which he is accused would naturally fall within the scope of his employment as such managing agent.

An allegation that Schrager has derived personal profits from the sale of cigar lighters does not necessarily mean that he did more than receive a salary and/or commissions as managing agent for making such sales,

I think such a statement of a general conclusion of fact is not sufficient to take the case out of the settled rule that suits for patent infringement should not be maintained against an officer or employee of a corporation unless infringement outside of the scope of his authority as such officer or employee is affirmatively shown. Cazier v. Mackie-Lovejoy Mfg. Co. et al. (C. C. A.) 138 F. 654, 656; Davis et al. v. Motive Parts Corporation et al. (D. C.) 16 F.(2d) 148, 149; Walker on Patents (6th Ed.) § 460, vol. I, p. 560, footnote No. 157.