**ACTIVATED SLUDGE, Inc.. v. FILTROS, Inc.**

No. 1892.

District Court, W. D. New York.

March 23, 1935.

John Van Voohris' Sons, of Rochester, N. Y., and Williams, Rich & Morse, of New York City, for the motion.

Whitman, Dey & Nier, of Rochester, N. Y., and Williams, Bradbury, McCaleb & Hinkle, of Chicago, Ill., opposed.

RIPPEY, District Judge.

This action was commenced September 14, 1934, to recover damages and profits resulting from and injunctive relief against defendant's infringement of United States letters patent (1) No. 1,247,540 issued November 20, 1917, (2) No. 1,247,542 issued November 20, 1917, (3) No. 1,247,543 issued November 20, 1917, and reissue thereof No. 15,140 dated July 5, 1921, (4) No. 1,282,587 issued October 22, 1918, (5) No. 1,286,017 issued November 28, 1918, and (6) No. 1,-

341,561 issued May 25, 1920, to Walter Jones and now owned by plaintiff. The patents numbered above (1), (2), (3), and (5) are process patents, and those numbered (4) and (6) are apparatus patents. They all relate to improvements in and connected with the purification of sewage and analogous liquids. It is alleged in the complaint that those numbered above (1), (2), (3), and (4) have been declared by the District Court for the Eastern District of Wisconsin valid patents (opinion not reported), that the decision was affirmed by the Circuit Court of Appeals for the Seventh Circuit (City of Milwaukee v. Activated Sludge, 69 F.(2d) 577), and that certiorari to the Supreme Court was denied (293 U. S. 576, 55 S. Ct. 87, 79 L. Ed. ——).

As to each of the above patents, plaintiff alleges that one Walter Jones was the "original, first, and sole inventor of new and useful improvements in the purification of Sewage and Analogous Liquids," that the patent was lawfully granted and issued to Jones, that the invention described therein was new, useful, not known or used by others in this country before his invention, not patented or described in any printed publication anywhere before his invention or more than two years prior to his application for United States letters patent therefor, not in public use or on sale in this country for more than two years prior to his application for United States letters patent therefor, not invalid by reason of having been patented in any foreign country by him or his legal representatives on applications filed more than one year prior to his application in this country, and not abandoned, and that the patent is duly proffered, that the patent was duly assigned by Jones together with all rights of action for infringement thereof to plaintiff by an instrument of transfer recorded in the United States Patent Office, which assignment is also proffered, that the invention is of great utility and has been extensively advertised and introduced into public use throughout the world, that defendant has been notified of plaintiff's ownership and rights under such patent and of defendant's infringement thereof, and that, despite plaintiff's request that defendant cease infringing, defendant continues so to do. These allegations make up what has been referred to as the "long form" of pleading and are sufficient to sustain a cause of action for infringement, both direct and contributory, when supplemented by a charge of infringement and of damage,

and to withstand assault by way of motion to dismiss. Rev. St. §§ 4886, 4887 as amended (35 USCA §§ 31, 32); Moeller v. Scranton Glass Instrument Co. (C. C. A.) 19 F. (2d) 14; Ingrassia v. A. C. W. Manufacturing Corporation (C. C. A.) 24 F.(2d) 703.

Paragraph 20 of the complaint contains the charge of infringement and damage in these words: "Defendant, in violation of plaintiff's rights under the aforesaid patents Nos. 1,247,540, 1,247,542, Reissue No. 15,140, 1,282,587, 1,286,017, and 1,341,561, and without license, right or authority from the plaintiff and since the issuance of said patents, and within six years prior to the filing of the bill of complaint herein within this district, has aided, abetted, and contributed to the infringement of said patents Nos. 1,-247,540, 1,247,542, Reissue No. 15,140, 1,282-587, 1,286,017, and 1,341,561, by the manufacture and sale of porous plates or porous bodies known as diffusers, and sold under the name of 'Filtros', with the knowledge and intent that such diffusers will be and have been used by the purchasers in sewage treatment plants which embody and in which are used the apparatus and methods covered by said patents, and each of them, and for the purpose of completing and utilizing the apparatus and methods covered by said patents, and each of them. Defendant continues to aid and abet the manufacture and use of apparatus infringing said patents, and the use of methods infringing said patents in violation of plaintiff's rights and in infringement of said patents, whereby plaintiff has been, and is being, greatly and irreparably damaged, and whereby defendant has obtained and is obtaining large profits which in equity belong to plaintiff, the amount of which damages and profits plaintiff cannot ascertain except by an accounting."

The requirement of Equity Rule 25 (28 USCA § 723) that the pleading shall contain "a short and plain statement of the ultimate facts upon which plaintiff asks relief" has not changed the rules of pleading in a patent infringement suit. Bayley & Sons v. Braunstein Bros. Co. (D. C.) 237 F. 671; Schaum & Uhlinger v. Copley-Plaza Operating Co. (D. C.) 243 F. 924; Maxwell Steel Vault Co. v. National Casket Co. (D. C.) 205 F. 515; Moeller v. Scranton Glass Instr. Co. supra; Aluminum Dye-Casting Corporation v. Allied Dye-Casting Corp. (D. C.) 15 F.(2d) 880. The pleading here contains ultimate facts upon which plaintiff must rely, and not conclusions of law as defendant insists, in order to

enable it to sustain its charge of contributory infringement. Plaintiff asserts the fact that defendant has aided and abetted and continues to aid and abet infringers of its patents to utilize its inventions by the manufacture and sale of porous plates or bodies or diffusers to such infringers with the knowledge and intent that they will be so used. An examination of the claims of the patents in suit indicates that they are nearly, if not all, combination claims. The rapid infusion of air into the sewage by means of air diffusers at different points in the process of purification is an element in the patented process without which the process would have little or no value. The combination claims in the apparatus patents have as one of the elements means for supplying air to the sewage or air suppliers, and these are described as diffusers and shown in the drawings to be plates. In the process patents, many of the claims cover the aerating of the sewage as one of the necessary steps in the process covered by the patents. In one of these, the specifications and drawings indicate that the infusion of air is accomplished by a plurality of air diffusers consisting of bodies of porous material or having pores through them through which compressed air is passed and by which it is diffused. Defendant asserts that air diffusers are old and common articles of commerce and have many different uses and not in themselves patentable. That fact, if true, will not save defendant from damages for infringement of the patents in suit if defendant's article manufactured and sold and referred to in the complaint is capable of an infringing use and is made with knowledge and sold with the intent that it shall be so used. Westinghouse, etc., Co. v. Precise, etc., Mfg. Co. (C. C. A.) 11 F. (2d) 209; Thomson-Houston Electric Co. v. Ohio Brass Co. (C. C. A.) 80 F. 712; Leeds & Catlin Co. v. Victor, etc., Co., 213 U. S. 301, 325, 29 S. Ct. 495, 53 L. Ed. 805; Bassick Mfg. Co. v. Adams Grease Gun Corp. (C. C. A.) 52 F.(2d) 36, certiorari to the Supreme Court granted 285 U. S. 531, 52 S. Ct. 312, 76 L. Ed. 926, appeal dismissed, 286 U. S. 567, 52 S. Ct. 495, 76 L. Ed. 1298; Electro Bleaching Gas Co. v. Paradon Engineering Co. (C. C. A.) 12 F.(2d) 511.

An answer was filed on November 19, 1934, by which the defendant puts in issue the issuance, ownership, and validity of the patents in suit and sets up estoppel and laches as affirmative defenses; but the answer cannot be considered on this motion. United States v. Railway Employés Dept. (D. C.) 286 F. 228; Arneson v. Denny (D. C.) 25 F.(2d) 988; Conway v. White (C. C. A.) 292 F. 837. Every fact stated in the complaint must be taken as true and such a construction must be given to the pleading, where doubtful, as will sustain it rather than defeat it. Edwards v. Bodkin (C. C. A.) 249 F. 562. Defendant tendered on the argument one of the plates which it manufactures, but that cannot be considered and it is not before the court. The court cannot here examine the articles which defendant manufactures and sells and pass upon the question of whether such articles are within the scope of the patents in suit. Investigation may be made only to learn whether the complaint states a cause of action for infringement. The patents are a part of the complaint. The specifications and claims of the patents may be examined for the purpose of determining whether they are valid in the light of that common knowledge of facts and principles which is possessed by all persons of average intelligence, and the court may dismiss the bill if the patents are clearly invalid upon their faces. Mahler v. Animarium Co. (C. C. A.) 111 F. 530. But the question must be absolutely free from doubt and the case must be exceptional before the court may dismiss the bill before a full hearing upon proofs. Luten v. Kansas City Bridge Co. (C. C. A.) 285 F. 840; Richards v. Chase Elevator Co., 158 U. S. 299, 15 S. Ct. 831, 39 L. Ed. 991; Kansas v. Colorado, 185 U. S. 125, 144, 22 S. Ct. 552, 46 L. Ed. 838.

Upon this motion the patents must be deemed valid upon their face and the claims must be given a sufficiently broad construction to include porous plates or porous bodies known as diffusers as an essential element of the patented invention.

It follows that the complaint states a good cause of action for infringement, and the motion must be denied.

It is so ordered.